### KARCHMER v. STATE et al.
### No. 9819.

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1949.

Grady Niblo, of Dallas, for appellant.

Price Daniel, Attorney General of Texas, Durwood M. Goolsby and J. A. Amis, Jr., Ass't. Attys. Gen., for appellees.

ARCHER, Chief Justice.

This action was brought by the State of Texas, at the request of the Texas Employment Commission, under and by virtue of Art. 5221b—17, Sec. (f) (1), of Vernon's Civil Statutes of the State of Texas, to require the appellant to pay certain contributions as a tax, on the theory that appellant was an employer as that term is defined in the Texas Unemployment Compensation Act, and particularly that he had in his employment 8 or more individuals for a period of 20 or more different weeks for the calendar year 1945, under circumstances more particularly set out in the definition of the term "employer" as is set forth in Art. 5221b—17, Sec. (f) (1) of the statutes of this State governing such matters and contributions and tax.

In due time the appellant, defendant below, filed his answer denying that he was such an employer as defined by the above Act, but admitted that he had employed 8 or more individuals as provided by said Act, for a period of only 19 weeks during the calendar year of 1945; but that during such period of time he had an employee, Claude Fields, who was carried on the pay roll of appellant for said calendar year 1945, and was paid wages for each week during said calendar year 1945, he acting as foreman when working, but that this said employee did not report for work and was not on the job for at least 145 days out of the said calendar year 1945, but if by paying said Claude Fields a salary remuneration for said period of time when he was not on the job and no services rendered by him, then appellant would have had 8 or more individuals in his employ-

ment for each of 20 different weeks as provided by the statute.

During the trial of this cause, in open court, both parties introduced the following stipulations:

"That the only issue in controversy is whether or not a certain individual by the name of Claude Fields, was an employee of defendant during the weeks pertinent hereto. That if said Claude Fields was an employee of defendant during said weeks, then defendant had in employment for some portion of a day in each of 20 or more different weeks during the year 1945, 8 or more individuals and became an employer subject to the Texas Unemployment Compensation Act, for said year. That if said Claude Fields was not an employee of defendant during said weeks, then defendant did not have in employment for some portion of a day in each of 20 or more different weeks during the year 1945, 8 or more individuals, and did not become an employer subject to the Texas Unemployment Compensation Act for said year. That said Claude Fields was carried on defendant's pay roll book for the year 1945, and the weeks pertinent hereto, and was paid wages by defendant during said year, and the weeks pertinent hereto, but during the weeks pertinent hereto said Claude Fields did not report for duty and was not on the job."

From this stipulation and the facts as above plead the only question involved herein is whether the said Claude Fields could be termed an employee under the above Act solely because he received remuneration for the additional time, although the undisputed facts show that during said additional time no "service" was rendered for the same; or—does the word "employment" as designed in said Art. 5221b—17(g) (1), and sections following thereunder, involve the rendering of some "service," as well as receiving some "compensation."

This case is before us on one point assigned as error by appellant, to-wit:

" 'Employment' as defined in Art. 5221b —17(g) (1) of the statutes of this State (Texas Unemployment Compensation Act), means service performed for wages or under contract of hire and remuneration for such service, such employment not only (1) presupposes remuneration for service, but (2) by the definition of the Act itself, requires 'services performed.' Remuneration paid for or services performed for wages or under contract of hire does not constitute employment under this Act."

We are unable to agree with appellant in his contention and construction of the Texas Unemployment Act.

Section 5(a) of Art. 5221b, known as the Texas Unemployment Compensation Act, provides, in part:

"Payment: On and after January 1, 1936, contributions shall accrue and become payable by each employer for each calendar year, or portion thereof, in which he is subject to this Act, * * *."

Section 17(f) of said Article reads, in part, as follows:

" 'Employer' means:

"(1) Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive within either the current or the preceding calendar year has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day); * * *."

It is undisputed that appellant was an employing unit during the year 1945, and that if an employee of appellant, one Claude Fields, was in the "employment" of appellant each week during said year, then appellant was an "employer" as that term is defined in Art. 5221b, during 1945, and is liable for the unemployment compensation contributions and penalties herein question.

The word "employment" is defined in Sec. 17(g) (1) of Art. 5221b, as follows:

" 'Employment' means * * * services performed for wages or under any contract of hire, written or oral, express or implied, * * *."

Appellee contends and the evidence clearly shows that Claude Fields was an

employee of appellant during the entire year of 1945. He was maintained on appellant's pay roll and paid wages each and every week during said year. Appellant himself testified on the trial of this case that he is in the scrap iron or junk business; that Claude Fields began working for him during the war in 1942 or 1943; that Fields knew appellant's work and was promoted to foreman. After being promoted to foreman Fields stayed in that position until dismissed by appellant; that Fields was appellant's foreman during the entire year 1945; that there was something wrong with Fields mentally. Appellant sent him to a psychiatrist who helped him a little. Fields often left work, and when asked by appellant why he didn't report for work was informed by Fields that he couldn't stand the excitement. That appellant had to hold on to Fields as he could get no one to replace him. After the war was over and the other boys came home he let Fields go in the latter part of 1946 or 1947; that he paid Fields each week in 1945.

Appellant introduced in evidence in the trial court his Exhibit No. 1, which showed that he carried Fields on his pay roll and paid him $40 a week, each and every week during 1945, and deducted Social Security and withholding taxes from said amount each week.

Section 17(n) of Art. 5221b reads, in part:

" 'Wages' means all remuneration for personal services, * * *."

That all of the payments made to Fields during 1945 were classed as "wages" is clearly demonstrated by the language of one of the stipulations of fact agreed to by all parties which says:

" * * * that said Claude Fields was carried on defendant's pay roll book for the year 1945, and the weeks pertinent hereto, and was paid wages by defendant during said year, * * *."

That these payments were considered as wages by appellant is also evidenced by appellant's Exhibit No. 1, where it is shown that on the pay roll record of the appellant, social security and withholding taxes were deducted from the payment made to Fields by appellant for each week during 1945.

This court in State v. Kenyon, Inc., Tex. Civ.App., 153 S.W.2d 195, 198, said:

"The legislature in enacting the Unemployment Compensation statute made the rules and tests applicable to an officer of a corporation the same as applicable to any other employe; that is, if the officer of the corporation received wages or was acting under a contract of hire, he was 'in employment' of the corporation, and entitled to be counted as one of the employes."

That personal service, within the meaning of the Act, not only includes work actually performed but is a continuing thing within the employer-employee relationship is clearly expressed by Justice Reed in Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 641, 90 L.Ed. 718, 162 A.L.R. 1445, when, speaking for the Supreme Court of the United States, he says:

" * * * we need further only consider whether under the Social Security Act [42 U.S.C.A. § 401 et seq.] its definition of employment, as 'any service * * * performed * * * by an employee for his employer, covers what Nierotko did for the Ford Motor Company. The petitioner urges that Nierotko did not perform any service. It points out that Congress is considering the Social Security Act thought of benefits as related to 'wages earned' for 'work done.' We are unable, however, to follow the Social Security Board in such a limited circumscription of the word 'service.' The very words 'any service * * * performed * * * for his employer,' with the purpose of the Social Security Act in mind import breadth of coverage. They admonish us against holding that 'service' can be only productive activity. We think that 'service' as used by Congress in this definitive phrase means not only work actually done but the entire employer-employee relationship for which compensa-

tion is paid to the employee by the employer."

We believe the judgment of the trial court is supported by the evidence and the law applicable thereto and is in all things affirmed.

Affirmed.