TODD SHIPYARDS CORP. et al. v. TEXAS EMPLOYMENT COMMISSION et al.

No. 12277.

Court of Civil Appeals of Texas. Galveston.
Dec. 20, 1951.

Rehearing Denied Jan. 31, 1952.

Liddell, Austin, Dawson & Huggins, Houston, Charles R. Vickery, Jr., Houston, of counsel, for Todd Shipyards Corp.

Price Daniel, Atty. Gen., of Texas, Chas. P. Atkinson, Asst. Atty. Gen., John M. Barcus, for Texas Employment Commission.

Lee G. Williams, General Counsel, Texas Employment Commission, Austin, for Texas Employment Commission and Andrew Ochoa.

MONTEITH, Chief Justice.

This action was brought by Todd Shipyards Corporation in the County Court of Galveston County for judicial review of an administrative decision rendered by the Texas Employment Commission granting unemployment compensation benefits to Andrew Ochoa, under subsections (h) and (i) of the Texas Unemployment Compensation Act, Article 5221b-4, Vernon's Annotated Civil Statutes. Todd Shipyards Corporation also sought a judgment declaring unconstitutional a so-called "double affirmation" provision of the Texas Unemployment Compensation Act and a judgment decreeing that, under the Compensation Act, the Employment Commission could not legally pay unemployment compensation pending an appeal from the Commission's decision until a final decision had been rendered by a court or ultimate administrative authority authorizing its payment.

In a trial before the Court judgment was rendered cancelling and setting aside an award of benefits to Andrew Ochoa and directing that Todd Shipyards Corporation's benefit wage account be credited with the benefit wages that had been paid to Ochoa for the stated reason that the rules, orders and decisions of the Texas Employment Commission granting him benefits were not reasonably supported by substantial evidence introduced in Court. The Court rendered a declaratory judgment construing the so-called "double affirmation" provision of said Article 5221b-4, holding said provision to be constitutional and as meaning that the benefits referred to in said Article 5221b-4 should be paid until a decision reversing a decision approving the decision of the appeal tribunal was rendered.

The Court decreed that the Texas Employment Commission was authorized by statute to charge benefit wages against the benefit wage account of Todd Shipyards Corporation at the time the benefits were certified by the Commission to the State Comptroller and that Todd Shipyards Corporation, being an employer, had no right to a stay or supersedeas from these benefit wage charges until the decision of the Commission was finally reversed.

Texas Employment Commission and Andrew Ochoa duly excepted to the portions of said judgment setting aside the orders and decrees of the Employment Commission as not reasonably supported by substantial evidence, and Todd Shipyards Corporation excepted to the trial of this cause under the substantial-evidence rule and to such portions of the judgment as enter a declaratory decree determining the so-called "double affirmation" clause to be constitutional.

Findings of fact and conclusions of law were prepared and caused to be filed by the trial court in which it was found that Andrew Ochoa had been an employee of Todd Shipyards Corporation from January 26, 1946, until October 4, 1949, and that he was under contract to work for Todd and be available for work for it from July 28, 1949, to October 4, 1949. The Court found that Ochoa resigned from his last work with Todd on October 4, 1949, for two reasons: (1) to seek work in Houston, and (2) to obtain his retirement contributions which were held by Todd, and that at that time he signed a termination and separation slip; that Ochoa filed his initial claim for benefits under the Compensation Act on October 4, 1949; that his claim was disqualified on a hearing before a representative of the Commission and that on appeal, this decision was reversed by the Commission's appeal tribunal and he was awarded unemployment compensation benefits. The court found that Todd had sustained no irreparable injury.

In this action both parties have filed briefs as both appellants and appellees.

The so-called double affirmation clause, under Section (b) of said Article 5221b-4, provides that "If an appeal is duly filed, benefits with respect to the period prior

to the final determination of the Commission, shall be paid only after such determination; provided, that if an appeal tribunal affirms a decision of a deputy, or the Commission affirms a decision of an appeal tribunal, allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken but if such decision is finally reversed, no employer's account shall be charged with benefits so paid."

The substantial-evidence rule, under which the trial court conducted its review in this appeal, is a rule governing the effect to be given the findings of fact by an administrative agency upon a contest in court of an order of such agency. Our statutes do not provide for the making of findings of fact by an administrative agency. However, if the validity of an order of such an agency is contested in court, certain presumptions are indulged in favor of the validity of such order, and if the matter covered by the order is one committed to the agency by the Legislature and involves the exercise of its sound judgment and discretion in the administration of the matter so committed to it, the court will not undertake to put itself in the position of the agency but will sustain the action of the agency so long as its conclusions are reasonably supported by substantial evidence. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424.

Under the above authorities and under this record, the trial court's decision in deciding this case under the substantial-evidence rule was, we think, proper.

The review of this appeal is provided for under subsections (h) and (i) of said Article 5221b-4, Vernon's Annotated Civil Statutes, the material parts of which read:

"(h) Appeal to Courts: Any decision of the Commission in the absence of an appeal therefrom as herein provided shall become final ten (10) days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the Commission as provided by this Act. The Commission shall be deemed to be a party to any judicial action involving any such decision * * *."

"(i) Court Review: Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant. Such trial shall be de novo. * * * An appeal may be taken from the decision of the trial court, in the same manner, as is provided in other civil cases. * * * Upon the final determination of such judicial proceeding, the Commission shall enter an order in accordance with such determination. A petition for judicial review shall not act as a supersedeas."

The two controlling issues presented in the appeal are: (1) whether the double affirmation provision of Article 5221b-4 (b) is constitutional and (2) whether Andrew Ochoa was unemployed within the meaning of Article 5221b-17 (l) during the period of time when he performed no services and when no wages were payable to him.

The trial court in its judgment held that the "double affirmation" provision was constitutional and that Ochoa was not unemployed during the period of time when he performed no services and when no wages were due him.

We think that both questions should be answered in the affirmative.

Todd Shipyards Corporation relies upon the holdings by the Supreme Court of California in the case of Matson Terminals, Inc., v. California Employment Commission 24 Cal.2d 695, 151 P.2d 202, and on the case of Abelleira v. District Court of Appeals, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715. A careful reading of the Matson Terminals case discloses that it involves a labor dispute in which striking longshoremen, after voluntarily leaving

374

their employment, later claimed unemployment compensation benefits. The California court, in its opinion, denied their claim for compensation for the stated reason that the California Unemployment Act provided that compensation claimants who had left their work on account of a labor dispute were not entitled to compensation benefits during the period they were unemployed by reason of the labor dispute.

Todd contends that the Abelleira case involved a double affirmation clause of the California Compensation Act which is similar to the double affirmation clause in the Texas Compensation Act, and that it has a direct bearing on this appeal. This contention cannot, we think, be sustained. As we read the opinion of the court in the Abelleira case, it involved the question of whether the employer was entitled to sue for equitable relief in the District Court before the California Unemployment Commission had had an opportunity to render a decision in the case. The California court held in its opinion that a petitioning employer was not entitled to apply for a writ or mandate to prevent the Commission from paying unemployment benefits or to recover benefits already paid until it had exhausted its statutory remedies.

■ While Todd Shipyards Corporation complains of the alleged denial by the trial court of due process under the Texas and Federal Constitutions because of a claimed denial of stay or supersedeas, the record shows that it did not by its pleading seek a stay or supersedeas. For that reason, the trial court properly denied a stay or supersedeas.

After a careful review of this record, we are convinced that Todd has not been denied any steps in the procedure provided for under the Compensation Act, and it appears to have availed itself of all administrative processes provided for therein to which it was entitled.

■ The Employment Commission and Andrew Ochoa's contention that the trial court incorrectly found that Ochoa was an employee of Todd Shipyards Corporation from January 26, 1949, until October 4, 1949, and that he should be disqualified for

benefits after he left his work on October 4, 1949, is, we think, sustained by the record in the case. Further, under this record, we think that, since the decision of the Commission was an administrative decision, and was, we think, reasonably supported by substantial evidence introduced in the trial court, the judgment of the trial court must be reversed and judgment here rendered in favor of the Texas Employment Commission and Andrew Ochoa.

Article '5221b–17 (*l*), R.C.S., provides that an individual shall be deemed totally unemployed in any benefit period during which he performed no services and with respect to which no wages are payable to him. It provides that an individual's benefit period of total unemployment shall be deemed to commence only after his registration, pursuant to Section 4(a) of said Act.

■ In the case of State v. Kenyon, Inc., Tex.Civ.App., 153 S.W.2d 195, error refused, in construing the question of employment under the Texas Unemployment Compensation Act, it is held that the purpose and meaning of the Texas Unemployment Compensation Act is to provide that a person shall receive some remuneration, wages, or salary, for services performed by such individual before he shall be considered as performing services under a "contract of hire", either expressed or implied, and therefore "in employment". The rule announced in this case is followed in the case of Karchmer v. State, Tex.Civ.App., 225 S.W.2d 222.

It is undisputed in the record in this case that Ochoa performed no services and received no remuneration or wages from Todd after September 20, 1949. On September 26, 1949, after being out of work for one week, he applied for work at the Texas Employment Commission office in Galveston. Later, having met all the conditions prescribed under the Compensation Act, he filed his claim for benefits on October 4, 1949. He had had no work and did not earn or receive any wages during that time, and was, we think, entitled to unemployment benefits under said Article 5221b–4.

We have carefully considered all points of assigned error presented by Todd Shipyards Corporation in its briefs. None of them, in our opinion, present error. This court's former opinions in this case are withdrawn and set aside, and judgment is here rendered that the judgment of the trial court be affirmed in part, and reversed and here rendered in part.