**TEXAS EMPLOYMENT COMMISSION et al., Appellants.**

**v.**

**Vicky CAMACHO, Appellee.**

**No. 16591.**

Court of Civil Appeals of Texas.

Dallas.

July 23, 1965.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, Stanton Stone, H. Grady Chandler and Sam Lane, Asst. Attys. Gen., Austin, Paul L. Salzberger and Passman, Jones, Stewart, Andrews & Hunter, Dallas, and Ernest Fortenberry, Austin, for appellants.

Boyd, Veigel & Gay and Kathleen H. Sauerbrunn, McKinney, for appellee.

BATEMAN, Justice.

The appellee Vicky Camacho was discharged as an employee by appellant Texas Meat Packers, Inc. and claimed unemployment benefits under the Texas Unemployment Compensation Act (Vernon's Ann.Civ. St. Art. 5221b–1 et seq.). The appellant Texas Employment Commission, herein called "the Commission," allowed the claim for the statutory maximum of 26 weeks, less a "disqualification" of eight weeks made pursuant to Art. 5221b–3(b) on the ground that she had been discharged for misconduct connected with her work. The matter was then reviewed by the individual designated as the "appeal tribunal," who reduced the disqualification to four weeks. Upon a review of this decision by the Commission pursuant to Art. 5221b–4(c) the disqualification was increased to six weeks. Appellee then filed this suit for judicial review pursuant to Art. 5221b–4(i). Thus, the only issue presented to the county court was whether the order of disqualification was supported by substantial evidence. After hearing the evidence the trial court withdrew the case from the jury and rendered judgment for appellee, not only for the six weeks of benefits for which she had been disqualified, amounting to $192, but for a total of $824 in benefits, with interest on the $192, and all costs.

Appellants' first point of error on appeal complains of the setting aside of the decision of the Commission since it was amply supported by substantial evidence. All parties agree that the disposition of the case must be governed by the substantial evidence rule. In the judgment appealed from the trial court expressly finds that the order of the Commission "is not reasonably supported by substantial evidence."

■ We agree with appellants that this finding and the judgment are erroneous. Proper application of the substantial evidence rule precludes the courts from substituting their findings or conclusions for those of an administrative agency. Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699, 714. All the courts may do is to adjudge the reasonableness of the agency's action on the basis of the evidence admitted in the judicial proceeding. The issue is purely one of law, for "the legal test of the reasonableness of an order of an administrative agency is whether it is reasonably supported by substantial evidence and not whether it is supported by a preponderance of the evidence." Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619, 623; Texas Company v. Texas Employment Commission, Tex.Civ. App., 261 S.W.2d 178, 183, wr. ref. n. r. e.; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Todd Shipyards Corp v. Texas Employment Commission, Tex.Civ.App., 245 S.W.2d 371, wr. ref. n. r. e.; Board of Firemen's Relief & Retirement Fund, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965.

The evidence admitted in proof of the allegation that appellee was discharged for misconduct is clearly of a substantial nature. There was evidence that on numerous occasions appellee left her place of work without permission of the proper supervisory employees, contrary to the employer's rules and regulations; that on numerous occasions, as appellee was supposed to be packing meat patties as they came by on a conveyor belt, she would deliberately let them go by her and fall into a tub to be reprocessed; that appellee was repeatedly insubordinate and disobedient and failed to respond to numerous warnings and reprimands, both oral and written; that she had adopted a belligerent attitude towards those charged with supervising her work and refused to cooperate with them.

■ We need not be concerned with the fact that appellee denied some, though not all, of the alleged incidents of insubordination, explaining her inability to work

harmoniously with her supervisors by saying that they treated her unfairly and were antagonistic to her because of her adamant refusal to join the union, to which most of her fellow-employees belonged. This testimony would have to be carefully weighed in the scales with that introduced by appellants if our task were to determine which preponderated over the other, but under the substantial evidence rule our only purpose in examining it is to determine whether it completely destroys the evidence of misconduct. It does not, and we are therefore compelled under the law to hold that the trial court should have upheld the order of the Commission. The first point of error is sustained.

■ By their second point of error the appellants say the court erred in ordering the Commission to pay unemployment compensation benefits to appellee in the amount of $824 since the maximum amount in controversy was only $192. In their fourth point of error appellants say the court erred in failing to hold that appellee was ineligible to receive unemployment benefits because she was not available for work within the meaning of Art. 5221b–2(d). As these points are related, we shall treat them together. Appellants contend under Point 2 that there was nothing before the court except the question of whether the finding of disqualification for six weeks was justified, and take the rather inconsistent position under Point 4 that the trial court should also adjudicate whether appellee was entitled to any benefits at all because of her alleged unavailability for work. The particular part of Art. 5221b–2 in question is as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

"(a)  *  *  *

"(b)  *  *  *

"(c)  *  *  *

"(d)  He is available for work;

"(e)  *  *  *

"(f)  *  *  *."

As far as we can determine from the record before us, this matter of appellee's alleged unavailability for work has never been presented to and determined administratively by the Commission. It does not appear to have been raised by any pleading in the trial court. Therefore, it is our view that it is simply not in the case. Accordingly, we sustain Point 2 and overrule Point 4. This latter ruling is not to be construed as a finding of fact on our part as to availability or unavailability of appellee for work; it is made solely on the basis that in our opinion the point presents no error for which a reversal would ensue.

■ The third point complains of the award of interest on the past due installments of benefits. Art. 5221b–16 expressly limits the liability for benefits "to the extent provided in this Act and to the extent that moneys are available therefor to the credit of the Unemployment Compensation Fund, and neither the State nor the Commission shall be liable for any amount in excess of such sums." No statute obligates the State or the Commission for interest on past due benefits; hence, the court was without authority to award interest. Auditorial Board v. Arles (1855), 15 Tex. 72; Walker v. State (1937), Tex.Civ.App., 103 S.W.2d 404, no wr. hist.; State v. El Paso Natural Gas Co. (1957), Tex.Civ.App., 300 S.W.2d 170, no wr. hist. The third point of error is sustained.

For the reasons given above in relation to appellants' first three points of error the judgment appealed from is reversed and here rendered affirming the order of the Texas Employment Commission.

Reversed and rendered.