**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**Robert C. HODGES, Appellee.**

**No. 05–86–00481–CV.**

Court of Appeals of Texas, Dallas.

July 15, 1987.

Rehearing Denied Aug. 24, 1987.

Susan F. Eley, Austin, for appellant.

Marvin Menaker, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

THOMAS, Justice.

Hodges, appellee, brought an action in the trial court appealing a decision of the Texas Employment Commission, appellant, which denied unemployment compensation benefits because it determined that Hodges had voluntarily separated from his last employment without good cause connected with the work. Thus, according to the Commission, he was statutorily disqualified from receiving benefits. The trial court reversed the decision of the Commission and held, as a matter of law, that the provisions of Article 5221b–3(c)(1) of the Texas Revised Civil Statutes should be used by the Commission in determining whether or not an individual left their last work voluntarily without good cause pursuant to Article 5221b–3(a). After the trial court rendered judgment in favor of Hodges, the Commission appealed. For the reasons set out herein, the decision of the trial court is affirmed.

Tex.Rev.Civ.Stat.Ann. art. 5221b–3(c)(1) (Vernon 1987) provides in pertinent part:

An individual shall be disqualified for benefits:

(a) If the Commission finds that he has left his last work voluntarily without good cause connected with his work....

. . . . .

(c) If the Commission finds that during his current benefit year he has failed, without good cause, either to apply for available, suitable work when so directed by the Commission or to accept suitable work when offered to him, or to return to his customary self-employment (if any) when so directed by the Commission....
(1) In determining whether or not any work is suitable for an individual, the Commission shall consider the degree of risk involved to his health, safety and morals at the place of performance of his work, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.

The record reflects that in February of 1984, Hodges was laid off from his employment as a line driver for Merchants Fast Motor Lines, Inc. (Merchants) in Dallas, Texas. He had been employed by Merchant's since August 12, 1974, and the terms of his employment were covered by a collective bargaining agreement between the Union of Transportation Employees and Merchants. Under the terms of this agreement, Merchants was entitled to lay off employees according to the amount of work available. Hodges was informed by his supervisor at that time that he could exercise his "bumping" privileges, which are the rights to displace other employees of Merchants with less seniority in some of Merchants' other Texas locations. The nearest place where employment was available was Houston, Texas, 250 miles away from Dallas. At that time Hodges was living in Irving, Texas with his wife and three daughters. All of the children were enrolled in the Irving Independent School District and one child was in a special education program as a result of her special learning needs. Because of these circumstances, Hodges chose not to leave Dallas and therefore did not exercise his "bumping" privileges. After being laid off, Hodges was able to work occasionally for Merchants for a period of two months, but by April of 1984, there was no work available for him in the Dallas area. On April 27, 1984, Hodges applied for unemployment compensation benefits from the Commission pursuant to the Act. With all of the facts made known to the Commission, it was determined that Hodges was disqualified from receiving benefits because he voluntarily left his work without cause connected with his work under Article 5221b–3(a).

■ The sole issue upon judicial review of a decision of the Texas Employment Commission is whether the decision is supported by substantial evidence. *TEC v.*

*Holberg,* 440 S.W.2d 38, 42 (Tex.1969); *Haas v. TEC,* 683 S.W.2d 462, 464 (Tex. App.—Dallas 1984, no writ); *Circuitronics, Inc. v. TEC,* 561 S.W.2d 555, 556 (Tex. Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Todd Shipyards Corp. v. TEC,* 245 S.W.2d 371, 373 (Tex.Civ.App.—Galveston 1951, writ ref'd n.r.e.). Neither the trial court nor the appellate court is permitted to determine whether the Commission's decision is right or wrong, or to substitute its judgment for the Commission's. *TEC v. Riddick,* 485 S.W.2d 849, 851 (Tex.Civ.App.— Texarkana 1972, no writ); *DeLeon v. TEC,* 529 S.W.2d 268, 270 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *TEC v. Camacho,* 394 S.W.2d 35, 36 (Tex.Civ.App.— Dallas 1965, no writ); *Todd Shipyards Corp. v. TEC,* 245 S.W.2d at 373.

Although Hodges appealed a factual determination of the Commission, i.e., that he had left his last work voluntarily without good cause, the "substantial evidence" issue was never addressed by the Commission, Hodges, or the trial court. Further, this issue has not been addressed in the briefs filed in this Court. Significantly, the words, "substantial evidence," are nowhere to be found in the district court's ruling nor in the judgment or the parties' briefs. The Commission's sole point of error in this appeal urges:

> The trial court erred in holding that as a matter of law the provisions of article 5221(b) § 3(c)(1) should be. used by the Texas Employment Commission in determining whether or not an individual left their last work voluntarily without good cause pursuant to article 5221(b) § 3(a).

Nowhere in its brief does the Commission argue that its decision is supported by substantial evidence.

■ By failing to present this argument and point of error, the Commission has waived its right to complain. We are not authorized to reverse the district court in the absence of properly assigned error. *Gulf Consolidated Int'l, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983); *Dept. of Human Resources v. Wininger,* 657 S.W.2d 783, 784 (Tex.1983); *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982); *Mullinax, Wells, Baab & Cloutman v. Sage,* 692 S.W.2d 533, 536 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The point of error urged by the Commission is in reality a non-issue because the Commission specifically considered evidence of the distance Hodges would have had to travel to exercise his "bumping" rights and the hardship that would have caused him. After considering all of the evidence, the Commission rejected Hodges' arguments against relocation. Inasmuch as the Commission expressly considered that evidence, whether or not statutorily obligated to do so, the issue is moot.

This is a substantial evidence case. In reviewing factual determinations of the Commission we should not depart from the well-established substantial evidence standard. Since appellant does not raise this issue, it is waived. Accordingly, the judgment of the district court is affirmed.