

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 10, 1976

The Honorable Arthur C. Eads
County Attorney
Bell County Courthouse
P. O. Box 474
Belton, Texas    76513

Opinion No. H-860

Re:  Payment for accumu-
lated sick leave to county
officers and employees.

Dear Mr. Eads:

You have requested our opinion regarding whether elected
county and precinct officials of Bell County may be compensated
for unused sick leave. You state that, in December, 1960,
the commissioners court of Bell County provided by resolution
that elected and appointed employees and officials shall
accrue sick leave, and that persons whose employment is
terminated are entitled to compensation for unused sick
leave of up to 75 days.

There is no question that the resolution was proper
with regard to "employees." V.T.C.S. art. 2372h-1; Attorney
General Opinion H-797 (1976). Furthermore, since January 1,
1972, the effective date of article 3912k, V.T.C.S., a county
has been empowered to:

> [F]ix the amount of compensation, office
> expense, travel expense, and all other
> allowances for county and precinct
> officials and employees who are paid wholly
> from county funds. . . .    Sec. 1.    (Emphasis
> added).

Thus, at least since January 1, 1972, the commissioners court
of Bell County has been authorized to provide sick leave to
elected county and precinct officials, and, by extension,
to compensate those officials for the unused portion of any
sick leave earned after that date.

p. 3627

Prior to the effective date of article 3912k, no statute furnished specific authority for the accrual of sick leave by county and precinct officials. Article 3912i, V.T.C.S., however, which was in effect in 1960, provided that the commissioners court of each county in a population bracket of 46,000 to 98,000

> shall fix the salaries of the precinct
> officials named in this Act at not
> more than Seven Thousand Dollars
> ($7,000) per annum. Sec. 3. (Emphasis
> added).

Furthermore, article 3912g, V.T.C.S., and section 15 of article 3912i permitted the commissioners court to increase the compensation of these precinct officials. Article 3883i, V.T.C.S., provided that the commissioners court of each county in a similar population bracket

> shall fix the salaries of the county and
> district officials named in this Act at
> not more than Ten Thousand Dollars
> ($10,000) per annum. . . . Sec. 3.
> (Emphasis added).

In addition, the commissioners court was empowered by section 18 of article 3883i to "increase the maximum compensation of each officer" designated therein.

In our opinion, these statutes, authorizing the commissioners court to fix salaries of county and precinct officials, were sufficient authority for the commissioners court to provide for the accrual of sick leave by those officials, and to compensate them for the unused portion of any such sick leave. In Attorney General Opinion M-1252 (1972), this Office found that compensation for unused vacation time constitutes payment of "salary." In Hairston v. Richie, 338 S.W.2d 263, 267 (Tex. Civ. App. -- Fort Worth 1960, no writ), the court held that

> 'salary' is recompense for services,
> and is synonymous with 'allowance.'

We believe that sick leave may be embraced within the ambit of that 'salary' which a commissioners court, prior to the enactment of article 3912k, was authorized to fix for county and precinct officials. We note, however, that the statutes specified a maximum limitation on the salaries of those officials, and that the total of actual wages paid, together with the value of sick leave accrued should not have exceeded the statutory maximum for any particular official. Subject to that limitation, it is our opinion that the commissioners court, prior to January 1, 1972, was empowered to provide sick leave for the various county and precinct officials about which you inquire, and that the commissioners court is presently authorized to compensate those officials for the unused portion of any sick leave earned during that period.

Your second question is whether county and precinct officials are entitled to receive interest on their matured but unpaid claims for accrued sick leave. In Walker v. State, 103 S.W.2d 404, 407 (Tex. Civ. App. -- Waco 1937, no writ), the court held that

> [i]t is a very well-established rule
> that a State is not liable for interest
> in the absence of a statute or express
> contract providing for the payment thereof.

See also State v. El Paso Natural Gas Co., 300 S.W.2d 170, 172 (Tex. Civ. App. -- Austin 1957, no writ). Although no Texas case appears to have ruled on the liability of a county for interest, the "general rule" in the United States is that a county

> cannot, as a unit of government and arm
> of the state, be held liable for interest
> on an obligation, unless a contractual or
> statutory provision in terms provides for
> such liability. 56 Am. Jur.2d, Municipal
> Corporations at 826, and authorities
> cited therein.

It is, therefore, our opinion that county and precinct officials are not entitled to payment of interest on their matured but unpaid claims for accrued sick leave.

## S U M M A R Y

Subject to the limitation that the total
of actual wages paid, together with the
value of sick leave granted, did not
exceed the statutory maximum for any
particular county or precinct official,
the commissioners courts, prior to the
enactment of article 3912k, V.T.C.S.,
were authorized to provide sick leave
for such officials, and are presently
authorized to compensate those officials
for the unused portion of any sick leave
earned during that period.  County and
precinct officials are not entitled to
payment of interest on their matured but
unpaid claims for accrued sick leave.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb