## AUDITORIAL BOARD v. THOMAS B. ARLES.

The government is not bound by the contract of its agent to pay interest, unless there be a law authorizing the agent to contract to pay interest.

See this case for what is said about the duty of the Auditorial Board to receipt for the principal only of claims, and not for interest accrued thereon.

A mandamus may lie to compel the Auditorial Board to act on a claim, but not to control their action as to the allowance of the claim, in whole or in part.

Appeal from Travis. The claim was as follows:

"Port of Galveston, Texas, 22d April, 1836.
"Exchange for $5,000.

"At four months after date of this first

"of Exchange, (second of same tenor and date unpaid,) please "pay to the order of J. F. Niles, or sooner, should you be in "funds, the sum of five thousand dollars, for value received by "the purchase of the steamboat Cayuga, for the Republic of "Texas, with ten per cent. interest per annum since the 20th "January last, with or without further advice.

"BAILEY HARDEMAN,
"Sec'y of Treasury.

"To COL. ROBERT TRIPLETT, New Orleans, La.,
"Agent for the Republic of Texas."

*C. S. West*, for the appellants, argued that the bill of exchange did not fall within either of the three classes of claims which the Auditorial Board was to receive and receipt for, under the act of 1848 ; and that it did not appear that the bill had not been paid by Triplett. He referred the Court to the Brief of the Attorney General, on the question of interest, in the case of Hill v. Shaw & Swisher. (We regret that we have not the Attorney General's Brief in that case. We find no Brief by him in this case. REPS.)

*Hamilton, Chandler & Anderson.* for appellees. The general rule is that Governments pay no interest, resting upon the presumption that Governments are ever ready to discharge all their obligations; but to this rule there are exceptions.— (Reverdy Johnson, De La Francais case, 5th Vol. Opinions, 105 ; Fisher's case, Id. 71 ; Executors of Griffin, Id. 227.)

If an account has been adjusted by the Comptroller, without allowing interest, under the erroneous idea that it was not allowable, the settlement may be opened and the account correctly stated and settled. (Otis' case, Opinions, vol. 4, p. 79.

The State is not liable for interest, except under express contract to pay it. (5 Eng. (Ark.) 61 ; 2 Ired. Ch. 444.)

When the United States, by its authorized officer, becomes a party to negotiable paper, they have all the rights and incur

all the responsibilities of individuals who are parties to such instruments. (15 Peters, 392 ; see, also, Sample's case, Opinions, vol. 4, 299 ; Id. 108 and 109 ; vol. 5, Id. 228 ; vol. 3, Id. 320 ; Id. 495.)

LIPSCOMB, J. This was a suit brought by the appellees against the appellants, by a petition for a mandamus, to compel them, as Auditor and Comptroller of the State, to receive and allow interest on a claim that had been previously received by them, as the Auditorial Board ; but the interest on the said claim had not been allowed. The Court, on a hearing, awarded by its judgment a peremptory mandamus, from which an appeal was taken by appellants. The act creating this Board to act on claims against the late Republic of Texas was passed on the 20th March, 1848, (Hart. Dig., p. 821,) entitled an act for ascertaining the debt of the late Republic of Texas. The act is not very explicit in defining the manner in which this Board, so created, is to discharge its duties ; but they are authorized to receipt for claims presented to them, setting forth the par value thereof at the time they accrued. The claim in this case was founded on a draft, purporting to be drawn by Bailey Hardeman, Secretary of the Treasury, on Triplett, agent for Texas, for five thousand dollars, in favor of the parent of the appellees, and stating that it is to bear ten per cent. interest, if not paid at the time stipulated, for the purchase of a steamboat. No law is believed to exist, or to have existed at the time the draft was given, authorizing the Secretary of the Treasury to stipulate for interest, and the State cannot be required to pay interest, unless it is so authorized by law ; nor is there any law that authorizes the Secretary of the Treasury to stipulate interest to be paid.

But there is another objection still more formidable. The Board was not authorized by the law creating it to acknowledge and receive the claim only for its par value at the time the claim accrued ; then, even admitting the authority of the Sec-

retary to draw the draft, the claim accrued before any interest had arisen.

Again, the Board, having acted on the claim, and the law not providing any remedy, a mandamus ought not to have issued. The most that could be claimed on a mandamus, was that the Board should act on the claim; and the fact shown in the petition, that the claim had been acted upon by the Board, was sufficient ground on which the application should have been refused by the Court below. It is an admitted rule that the State cannot be sued only by its own permission, and then in the way it has consented to be so sued. To sustain the judgment in this case, would be, in effect, to sustain a suit against the State without its consent.

If injustice has been done by the Board, in rejecting the claim of interest, the claimant must rely, for remedy, upon the sense of the justice of the claim that the Legislature may entertain on it. We believe, therefore, the judgment is erroneous, and it is reversed and the same dismissed.

The view we have taken of the case must affirm the judgment in the case of Hill v. Shaw and Swisher, and that case is affirmed.

Judgment affirmed.