## WALKER v. STATE.
### No. 1909.

Court of Civil Appeals of Texas.   Waco.

March 4, 1937.

Rehearing Denied March 25, 1937.

W. V. Dunnam and Sam R. Scott, both of Waco, for plaintiff in error.

Wm. McCraw, Atty. Gen., and Wm. M. Brown and Earl Street, Asst. Attys. Gen., for the State.

ALEXANDER, Justice.

This action was brought by J. M. Walker, by and with the consent of the Legislature, against the State of Texas, in the nature of a bill of review, to set aside certain judgments previously rendered in favor of the State against the plaintiff herein and others in certain actions brought by the State to forfeit a number of bail bonds. It was alleged, in substance, that in 1888 one Will Mitchell was charged by indictment in Falls county in each of nine cases with the offense of cattle theft, and that the plaintiff and certain other parties as sureties executed bail bonds in said causes for the appearance of Will Mitchell at the term of the district court to be held in Falls county in January, 1889; that Mitchell failed to appear as required in said bonds and as a consequence the bonds were forfeited and final judgments were entered in favor of the State against Mitchell as principal and the plaintiff and the other sureties on said bonds for the amount of said bonds and costs of suit; that abstracts of said judgments were recorded in the office of the county clerk and liens fixed against this plaintiff's land to secure the payment of said judgments, and thereafter, on May 29, 1890, this plaintiff was required to and did pay to the State of Texas the amount of said judgments, with the accrued interest and costs thereon, to wit, the sum of $2,915.30; that as a matter of fact the said Will Mitchell, principal in said bonds, had died prior to the date set for the trial of said criminal cases and prior to the time said forfeitures were taken, and therefore the State had no right to forfeit said bonds; that the said Will Mitchell had turned state's evidence against his codefendants in the above-mentioned cattle theft cases and as a result thereof he was killed by his said codefendants and his body buried by them in the Brazos river; that Mitchell's codefendants in the cattle theft cases were dangerous men and by reason thereof those who were cognizant of the fact that Mitchell had been killed were afraid to disclose the facts concerning his death and did not disclose same until all the parties connected therewith had died, and as a consequence this plaintiff did not discover and could not with due diligence have discovered such facts prior to the time the judgments were so entered against him, nor until many years thereafter, to wit, in the year 1924. The plaintiff prayed that said judgments be set aside and that he be allowed to recover of the State of Texas the amount so paid by him to the State, with interest thereon at the rate of 8 per cent. per annum from the date of such payment.

The case was tried before the court without a jury. The trial court found that plaintiff had established the facts alleged in his petition, but concluded that the legal effect of the judgments entered in the above-mentioned bond forfeiture cases was such as to make said judgments res adjudicata of the matters here in controversy and to preclude the plaintiff from recovering herein. Judgment was accordingly entered for the defendant. The plaintiff sued out this writ of error.

It seems to be a well-established rule that equity, in an action in the nature of a bill of review, will grant relief against a judgment rendered at a previous term of court where there was a good and valid defense to the action, of which defendant was ignorant at the time of the trial and which he could not have discovered by the exercise of reasonable and proper diligence in time to have set the same up as a defense during the term at which the judgment complained of was rendered. 25 Tex. Jur. 612, 624; 34 C.J. 288, § 500; 34 C.J. 290, § 504; McMurray v. McMurray, 67 Tex. 665, 671, 4 S.W. 357; Overton v. Blum, 50 Tex. 417, 423; Avocato v. Dell'Ara (Tex.Civ.App.) 91 S.W. 830; Eddingston v. Acom (Tex.Civ.App.) 287 S. W. 96 (writ refused). If the principal on the bail bonds was dead at the time the forfeitures were taken, this constituted a good defense to the actions to recover on said bonds. Code Cr.Proc. art. 436; 5 Tex.Jur. 941. In fact, it is doubtful whether the judgments were valid against either of the parties if the principal in the bond, one of the parties against whom the purported judgments were rendered, was dead at the time of the entry thereof. 5 Tex. Jur. 998; Sanders v. State, 86 Tex.Cr.R. 322, 216 S.W. 870. At any rate, the judgments so taken were subject to review by bill of review. 25 Tex.Jur. 433, 555, 630. Clearly under the rule announced in the authorities heretofore cited, if the plaintiff herein did not know that the principal on the bail bonds was dead at the time the forfeitures were taken and could not have known thereof by the exercise of reasonable and proper diligence, as found by the trial court, then he was entitled to have the judgments rendered against him in the bond forfeiture cases set aside and

was entitled to recover the sum paid by him in satisfaction of said judgments, unless his rights could be defeated on one or more of the grounds to be hereinafter considered.

■ The State's first counter proposition is that judgment cannot be rendered against the State for the money previously paid by plaintiff in satisfaction of the bond forfeiture judgments for the reason that said money was never paid to the State, but, as a matter of law, was paid to Falls county. This contention is based on the provisions of Code Cr.Proc. art. 949, which was in force at the time said money was paid, and which provides, in effect, that all money recovered and collected in the name of the State in bond forfeiture cases "shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county, after first deducting therefrom the legal fees and commissions for collecting the same." We attach no particular importance to this provision of the statute. The judgments sought to be set aside were recovered in the name of the State and the money collected thereon was collected by the State. It is of no particular consequence that the money so collected by the State was later paid by it to one of its political subdivisions. The plaintiff was not required to trace the money into the hands of the ultimate consumer in order to recover it. This counter proposition is overruled.

■ It is next contended that under the Constitution the power to remit fines and forfeitures is vested exclusively in the Governor and therefore, even though the Legislature passed a resolution authorizing the filing of this suit against the State, it actually conferred no authority on the court to render judgment against the State for the money improperly collected in the bond forfeiture cases. Our Constitution, article 4, § 11, vests in the Governor the power to remit fines and forfeitures, and while the courts are invested with some discretionary authority to remit forfeitures prior to final judgment, Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078, after final judgment such authority appears to be vested exclusively in the Governor. Ex parte Thomas, 108 Tex.Cr.R. 653, 2 S.W. (2d) 270. However, we do not think such rule constitutes any bar to this suit. The constitutional authority vested in the Governor to remit forfeitures implies the exercise of grace after a valid judgment of forfeiture has been entered. Ex parte Rice, 72 Tex.Cr.R. 587, 162 S.W. 891; King v. State, 72 Tex.Cr.R. 394, 162 S.W. 890. In our opinion, it does not alter the right of the court originally entering the judgment of forfeiture to entertain an equitable proceeding to determine whether or not the judgment of forfeiture was lawfully entered and, if not, to decree a return of the money improperly collected thereon. This is not an application to have a forfeiture remitted, but is a suit to set aside a judgment of forfeiture wrongfully entered and to recover the money improperly demanded and received in payment thereof.

■ It is next contended that the suit is barred by limitation. Final judgment was entered in the bond forfeiture cases in 1889. The plaintiff herein discovered in 1924, for the first time, that the principal on the bail bonds had died prior to the forfeiture. The Legislature granted permission to bring this suit in 1935, and the suit was filed in January, 1936. The solution of the question of limitation depends on whether or not it was necessary for the plaintiff to secure consent of the Legislature to maintain this suit; for if such consent was not necessary, then limitation began to run at least as early as 1924 when plaintiff discovered that the judgments had been wrongfully entered against him, and the cause of action was therefore barred; whereas, if consent of the Legislature was a necessary prerequisite to the filing of this suit, the cause of action did not accrue until such consent was granted in 1935, and therefore the suit was not barred when it was filed in 1936. Plaintiff's suit has a twofold aspect, one in the nature of a bill of review to set aside the judgment in the bond forfeiture cases and the other to recover the money previously paid to the State in satisfaction thereof. There seems to be some doubt as to whether a bill of review to set aside or correct a judgment obtained at a previous term of court is in itself a mere continuation or mode of appeal of the original suit, in which event it is not necessary to secure the consent of the State to maintain the action, or whether it is a new and independent suit, in which event consent of the Legislature is a necessary prerequisite to the right to maintain the suit. There is foreign authority for the proposition that a bill of review to revise a judgment recovered by the State at a previous term of court is but a continuation of the old suit and that it is not neces-

sary to obtain consent of the State in order to maintain such a proceeding. 59 C. J. 332; State v. Moore, 77 W.Va. 325, 87 S.E. 367. Our Supreme Court, however, has held that a bill of review to set aside a judgment recovered at a previous term of court is a new suit. Winters Mutual Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095. See, also, 25 Tex.Jur. 646; Owen v. City of Eastland (Tex.Civ. App.) 37 S.W.(2d) 1053. If it is in fact a new suit, it would appear that consent of the Legislature should be secured before the suit could be maintained. But we do not find it necessary to decide this point, for, as above stated, this suit involves more than a mere action to review the previous judgments. It involves the added prayer for recovery of a money judgment against the State. Setting aside the previous judgments may have been a necessary prerequisite to the right to recover the money judgment, but setting aside the previous judgments was only a part of the relief sought. Recovery of the money judgment was the substantial relief prayed for, and for that reason, in our opinion, it was necessary to secure consent of the Legislature before the suit could be maintained. Since the suit could not have been brought without the consent of the Legislature, limitation did not begin to run until such consent was obtained. 28 Tex.Jur. 99; 59 C.J. 320; State v. Elliott (Tex.Civ.App.) 212 S.W. 695. This proposition is therefore overruled.

From what has been said, it is apparent that plaintiff is entitled to recover. The only remaining question is whether or not he is entitled to recover interest on the money during the time that it has been withheld from him. It is a very well-established rule that a State is not liable for interest in the absence of a statute or express contract providing for the payment thereof. 59 C.J. 297, par. 455; Auditorial Board v. Arles, 15 Tex. 72, 75; U. S. v. State of North Carolina, 136 U. S. 211, 10 S.Ct. 920, 34 L.Ed. 336; Jobe v. Urquhart, 102 Ark. 470, 143 S.W. 121, Ann.Cas.1914A, 351; Peterson v. State, 114 Neb. 612, 209 N.W. 221. The act authorizing the bringing of this suit makes no provision for the recovering of interest. We know of no statute that grants general authority to recover interest from the State. The plaintiff is therefore limited in his recovery to the principal sum actually paid by him to the State in settlement of the judgments in question.

The judgment of the trial court denying plaintiff a recovery is reversed and judgment is here rendered in favor of the plaintiff setting aside the judgments referred to in the bond forfeiture cases and awarding plaintiff a recovery of the sum of $2,915.30.