The STATE of Texas, Appellant,

v.

TENNESSEE GAS TRANSMISSION CO.,
Appellee.

No. 10393.

Court of Civil Appeals of Texas.

Austin.

April 4, 1956.

Rehearing Denied April 18, 1956.

310

John Ben Shepperd, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellant.

Stone Wells, Houston, Robert Donahue, Charles E. Crenshaw, Austin, for appellee.

GRAY, Justice.

Pursuant to a concurrent resolution of the Legislature granting appellee permission to sue the State it brought this suit to recover taxes paid without protest under the provisions of Art. 7057b, Vernon's Ann.Civ.St. Appellee also sued to recover interest on the amount of taxes paid at the rate of six per cent per annum from the date of payment.

The taxes were paid under the provisions of Art. 7057f, Vernon's Ann.Civ.St., commonly referred to as the Gas Gathering Tax Statute, Acts 1951, 52 Legislature, p. 695, Ch. 402, § 23. This statute was declared unconstitutional. Michigan-Wisconsin Pipe Line Co. v. Calvert, 347 U.S. 157, 74 S.Ct. 396, 98 L.Ed. 583.

Appellee based its suit for recovery on the grounds that the taxes were not voluntarily paid but that the same were paid under duress or business compulsion.

At a nonjury trial judgment was rendered for appellee for $1,140,906, the amount of taxes paid, the sum of $249,516.-74 interest thereon and interest on said sums of money from date of judgment at the rate of six per cent per annum.

Findings of fact and conclusions of law were not requested and none were filed.

It is not disputed that appellee came within the meaning of the terms of Art. 7057f supra and that the taxes in controversy were paid under the provisions of that statute. It provided a penalty for delay in paying the tax, subjected the taxpayer to injunction upon becoming delinquent and further provided that the State shall have a prior lien on all of the taxpayer's property for delinquent taxes, penalties and interest, provided a penalty for any violation of the provisions of the Act and as an additional penalty made the taxpayer liable for the reasonable value of the expenses incurred by the Comptroller in making an investigation and audit to determine the correct amount of taxes, penalties and interest due from the taxpayer failing to remit the proper amount. The statute also made provision for the filing of a suit for the amounts delinquent, foreclosure of the State's lien and for the enforcement of the provisions of the statute.

Appellee's right to recover the amount of taxes paid by it under Art. 7057f supra is governed and decided by the decision of the Supreme Court in State v. Akin Products Co., Tex., 286 S.W.2d 110, 112. There the State was sued for a recovery of taxes alleged to have been paid under the duress of an unconstitutional law. The Act imposing the tax had been declared

unconstitutional and the suit was for recovery of taxes paid thereunder without protest. The Court said:

"The controlling fact in this case is that these taxes have been paid under the duress of an unconstitutional Act. They should therefore be refunded regardless of what industry may have been benefited by them."

A discussion and decision of the questions of law here presented as to appellee's right to recover the taxes in question may be found in that opinion and we deem it sufficient to refer to the same rather than to quote further. However the decision does not decide the question of appellee's right to recover interest on the amount of taxes paid from the date of payment to the date of judgment.

In Walker v. State, Tex.Civ.App., 103 S.W.2d 404, 407, no writ history, appellant with the consent of the Legislature sued the State to recover money paid to discharge judgments forfeiting bail bonds with interest thereon from the date of payment. The Court said:

"It is a very well-established rule that a State is not liable for interest in the absence of a statute or express contract providing for the payment thereof. 59 C.J. 297, par. 455; Auditorial Board v. Arles, 15 Tex. 72, 75; U. S. v. State of North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; Jobe v. Urquhart, 102 Ark. 470, 143 S. W. 121, Ann.Cas.1914A, 351; Peterson v. State, 114 Neb. 612, 209 N.W. 221. The act authorizing the bringing of this suit makes no provision for the recovering of interest. We know of no statute that grants general authority to recover interest from the State. The plaintiff is therefore limited in his recovery to the principal sum actually paid by him to the State in settlement of the judgments in question."

In State v. Hale, 136 Tex. 29, 146 S.W. 2d 731, 738, the Court considered the right to recover interest against the State. The suit was brought with the consent of the Legislature and its purpose was to recover for damages to lands by reason of overflow caused by the State Highway Department building a temporary dump or road bed on a highway across a creek bottom. The Court recognized the general rule as stated in Walker v. State supra and said:

"Generally this is the accepted rule, but there are certain exceptions to such rule. The general rule is that private property cannot be taken or damaged for public use without adequate compensation being paid therefor; and when such property is taken or damaged, such compensation shall first be made or secured by a deposit of money. The Constitution makes an exception of this rule in favor of the State. Under this express power the State can take or damage private property for public use without payment in advance therefor, and leave the owner thereof without payment until the Legislature sees fit to make an appropriation for same.

"* * * The Constitution expressly declares that adequate compensation shall be made to the owner for such damages, but leaves him to await the pleasure of the State to make such payment. * * *

"In a great majority of the jurisdictions interest is allowed as part of the damages or compensation to the owner whose property has been damaged or taken under the power of eminent domain provided for under the provisions of the Constitution."

The State's contention that it was not liable for interest was overruled.

The resolution of the Legislature authorizing appellee to bring this suit makes no reference to interest and the general rule as announced and recognized supra is controlling here.

Art. 5072, Vernon's Ann.Civ.St., provides that all judgments of the courts of this State shall bear interest from date at the rate of six per cent per annum. This

statute contains no exceptions and the judgment rendered in this case was properly made to bear interest from its date.

In so far as the judgment of the trial court awarded appellee a recovery of interest on the payments from the date made to the date of the judgment the same is reversed and judgment denying recovery of such interest is here rendered. In other respects the judgment awarding appellee a recovery of the amounts of taxes paid with interest thereon from date of judgment is affirmed.

Reversed and rendered in part and in part affirmed.