**The STATE of Texas et al., Appellants,**

v.

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Appellee.**

No. 10418.

Court of Civil Appeals of Texas.

Austin.

June 27, 1956.

Rehearing Denied Aug. 8, 1956.

John Ben Shepperd, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellants.

James B. Henderson, William M. Rice, Pat F. Timmons, Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson, Houston, for appellee.

GRAY, Justice.

This appeal by the State is from a judgment awarding appellee Transcontinental Pipe Line Corporation a recovery of $50,-547.99 paid under the provisions of Art. 7057f, Vernon's Ann.Civ.St., and commonly referred to as the Gas Gathering Tax Statute. This statute has been declared unconstitutional. Michigan-Wisconsin Pipe Line Co. v. Calvert, 347 U.S. 157, 74 S.Ct. 396, 98 L.Ed. 583.

The taxes were paid without protest. Art. 7057b, Vernon's Ann.Civ.St.

The suit was instituted pursuant to a concurrent resolution of the Legislature granting appellee permission to sue the State.

Appellee based its suit for recovery on the ground that the taxes were paid under duress. It alleged that:

"Plaintiff was required to pay the tax for the month of September, 1951 sued for herein and paid the same under duress so that it could continue to operate its business of receiving and transmitting natural gas in interstate commerce, and so that it could:

(1) Avoid liability for penalties and interest;

(2) prevent the filing of a suit by the Attorney General against plaintiff for an injunction;

(3) prevent the fixation of a lien on plaintiff's properties and a suit for foreclosure of such lien; and

(4) avoid the expenses of an audit,

each and all of which several coercions, acts and consequences were authorized by said illegal and unconstitutional Article 7057f in the event that plaintiff did not pay such tax."

The questions here presented are essentially the same as were presented in State v. Tennessee Gas Transmission Co., Tex.Civ.App., 289 S.W.2d 309, application

for writ of error pending, decided by this Court April 4, 1956. Except for the question of interest which is not presented here, our decision supra was grounded on State v. Akin Products Co., Tex., 286 S.W.2d 110, 112, wherein the Court said:

"The controlling fact in this case is that these taxes have been paid under the duress of an unconstitutional Act. They should therefore be refunded regardless of what industry may have been benefited by them."

No useful purpose would be served by a discussion of the points here presented. They must be and are decided in accordance with the decisions supra and we deem it sufficient to here refer to those opinions in lieu of any further discussion of or further quotes from them.

The judgment of the trial court is affirmed.