The STATE of Texas et al., Appellants,

v.

**EL PASO NATURAL GAS COMPANY,**
Appellee.

No. 10473.

Court of Civil Appeals of Texas.

Austin.

Feb. 20, 1957.

· John Ben Shepperd, Atty. Gen., W. V. Geppert, L. P. Lollar, Asst. Attys. Gen., for appellants.

Liddell Austin, Dawson & Huggins, Charles R. Vickery, Jr., Houston, for appellee.

HUGHES, Justice.

The Trial Court awarded appellee, El Paso Natural Gas Company, a judgment for $2,658,935.51 being the amount paid by it to the State under Art. 7057f, Vernon's Ann.Civ.St., held unconstitutional in Michigan-Wisconsin Pipe Line Co. v. Calvert, 347 U.S. 157, 74 S.Ct. 396, 98 L.Ed. 583, with interest thereon from the date of judgment until paid at the rate of 6% per annum.

The State questions only that part of the judgment allowing interest, its principal contention being that the State has not given its consent to be sued for the recovery of interest.

H.C.R. No. 35, 54th Leg., 1955, Reg. Sess., p. 1735, under the authority of which this suit was brought reads:

"Whereas El Paso Natural Gas Company is a Delaware corporation with a permit to do business in the State of Texas, and has been doing business continuously in Texas since 1928; and

"Whereas, The said El Paso Natural Gas Company paid to the State of Texas gas gathering taxes beginning in the month of September, 1951, and continuing through December of 1953, said taxes being levied by Section XXIII of House Bill No. 285, Chapter 402, Page 740, Acts of the Fifty-second Legislature of the State of Texas which became effective September 1, 1951, and which said Act has been declared unconstitutional by the Supreme Court of the United States in the cases styled Michigan-Wisconsin Pipe Line Company v. Calvert (Panhandle Eastern Pipe Line Company v. Calvert), 347 U.S. 157, 74 S.Ct. 396 [98 L.Ed. 583]; and

"Whereas, The United States Supreme Court has held that taxes paid under this Act were illegally and unlawfully extracted and that said Act was void and of no force and effect; and

"Whereas, There is no provision of law whereby this money unlawfully extracted can be returned or recovered except through a direct appropriation by the Legislature; and

"Whereas, There is no provision in the laws of the State of Texas to accurately and definitely determine what amount of taxes, if any, should be returned; and

"Whereas, the Attorney General of this State is requested to have the question of law involved finally settled in the Supreme Court of Texas; and

"Whereas, In order to definitely and accurately determine the same, it is the policy of this Legislature to let a Court of competent jurisdiction pass upon the same; now, therefore, be it

"Resolved by the House of Representatives of Texas with the Senate concurring, That El Paso Natural Gas Company be, and it is hereby granted permission to bring suit against the State of Texas in any court of competent jurisdiction in Travis County, Texas, to recover judgment against the State of Texas for all amounts of money heretofore illegally extracted and paid by El Paso Natural Gas Company under said unconstitutional law and service of citation for the purposes herein granted may be served upon the State of Texas by serving the Attorney General, the State Treasurer and the Comptroller of Public Accounts; and, be it further

"Resolved, That such suit may be filed within two (2) years from the effective date of this Resolution; and, be it further

"Resolved, that it is understood that the purpose of this Resolution is solely

to grant permission to bring suit against the State of Texas and no admission of the liability on the part of the State or of any fact is made by this Resolution; and, be it further

"Resolved, That no interest shall be paid El Paso Natural Gas Company in the event a final judgment is obtained by it for recovery of taxes paid under House Bill No. 285, Fifty-second Legislature; provided if a final judgment is obtained by the El Paso Natural Gas Company, all increases in rates obtained on the basis of taxes paid under House Bill No. 285, Acts, Regular Session, Fifty-second Legislature, shall be refunded in full to all those having paid such rate increase."

■ The State may not be sued without its consent and in giving such consent it may prescribe such terms and conditions as it sees fit and the statute or resolution by which such consent is evidenced must be strictly construed. 38 Tex.Jur. p. 856 (Sec. 35), 8 Tex.Jur., Supp. p. 786, citing many authorities.

The resolution authorizing El Paso to sue plainly provides that in the event it obtains a final judgment "no interest shall be paid."

El Paso contends that this language, properly construed, means only that interest *before* judgment would not be recoverable.

■ So construed such language would be barren of meaning because, absent a contract or statute,[1] the State is not liable for interest eo nomine. Walker v. State, Tex.Civ.App., Waco, 103 S.W.2d 404 by Justice Alexander. See also State v. Hale, Tex.Civ.App., 96 S.W.2d 135, 141, Id., 136

Tex. 29, 146 S.W.2d 731, 738; 25 Tex.Jur. p. 6.

■ It is, therefore, our opinion that the only reasonable construction to be given such resolution and the language particularly noted is that it precludes the recovery of interest after judgment and that the Court below erred in allowing its recovery.

■ The consequences of this conclusion El Paso asserts are twofold, both erroneous, one that it permits a statute, Art. 5072, V.A.C.S., to be repealed by legislative resolution and the other it overrides established public policy.

As to the matter of public policy all we need to say is that the Legislature is the prime arbiter of public policy and insofar as this case is concerned the Legislature has expressly declared that no interest shall be paid on this claim. If this declaration is at variance with its policy in other suits or claims then the matter is one for the Legislature to resolve.

We do not consider the resolution here as reflecting any attempt to repeal or modify Art. 5072. We view the restriction placed on the recovery of interest purely as a condition upon which the Legislature granted leave to sue the State. This power of withholding or granting leave to sue carries with it the power to prescribe the terms upon which the suit may be brought. Treasurer of State v. Wygall, 46 Tex. 447.

The judgment of the Trial Court is modified by deleting therefrom the recovery of interest after judgment and as so modified the judgment is affirmed.

Costs of appeal are assessed against appellee.

Modified and as modified affirmed.

---

1. Art. 5072, V.A.C.S., provides that all judgments, except where the action is based on a contract stipulating a different rate, shall bear interest at 6% per annum and in State v. Tennessee Gas Transmission Co., 289 S.W.2d 309, N.R.E., we held this statute applicable to judgments against the State.