

# The Attorney General of Texas

December 18, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Wyatt, Jr.
Chairman
House Committee on Ways & Means
State Capitol
Austin, Texas 78711

Opinion No. H-1289

Re: Whether the State of Texas is subject to the provision in the City of Austin's Electric Rate Ordinance which provides for a five percent (5%) penalty on electric bills paid late.

Dear Representative Wyatt:

You have requested our opinion regarding whether the State of Texas is required to pay a five percent late charge on bills for electric utility service supplied by the City of Austin.

Part 3 of the current rate ordinance for the City of Austin, adopted by the City Council on January 19, 1978, provides:

> Bills computed under this ordinance are due when rendered. Each bill shall have set forth thereon a date falling between twenty-seven and twenty-nine days after the date of the bill. Bills paid after the specified date shall have added thereto a penalty equal to five percent (5%) of the bill. Provided, however, this provision shall become effective on all bills rendered after April 1, 1978.

It has been suggested that the state is prohibited from paying any portion of the referenced "penalty" by a number of provisions of the Texas Constitution. Under this view, payment of the "penalty" would represent "extra compensation," contrary to article 3, sections 44 and 53, a "grant ... of public moneys" in violation of article 3, section 51, or an "appropriation for private or individual purposes," in contravention of article 16, section 6. Alternatively, if the late charge is deemed a form of interest, the state would not be liable for its payment absent an express contract or statute so providing. See Walker v. State, 103 S.W.2d 404, 407 (Tex. Civ. App. — Waco 1937, no writ).

The constitutional argument is based upon the well-established principle that the state may not expend public funds unless it receives benefit

therefrom or unless the expenditure serves a proper public purpose. Barrington v. Cokinos, 338 S.W.2d 133, 140 (Tex. 1960); Byrd v. City of Dallas, 6 S.W.2d 738, 740 (Tex. 1928). Although no Texas court has ever determined the question, the courts of a number of other jurisdictions have held that utility late charges constitute "operating expenses" rather than penalty or interest. Jones v. Kansas Gas & Electric Co., 565 P.2d 597, 604 (Kan. 1977); State ex rel. Guste v. City of New Orleans, 309 So.2d 290, 295 (La. 1975); State ex rel. Utilities Comm'n v. North Carolina Consumers Council, Inc., 198 S.E.2d 98, 100 (N.C. App. 1973); see also Delich v. Iowa Electric Light & Power Co., 9 P.U.R. (4th) 335, 339 (1975).

Each of these decisions relies upon the court's opinion in Coffelt v. Arkansas Power & Light Co., 451 S.W.2d 881 (Ark. 1970). In that case, a consumer class action suit challenged the legality of a utility late charge on the ground that it violated the statute prohibiting usury. The court declared:

> The late charge, far from being an exaction of excessive interest for the loan or forebearance of money, is in fact a device by which consumers are automatically classified to avoid discrimination. Its effect is to require delinquent ratepayers to bear, as nearly as can be determined, the exact collection costs that result from their tardiness in paying their bills.

Any other result, the court said, would penalize "customers who pay their bills promptly" by requiring them to share "the burden of collecting costs not of their making." 451 S.W.2d at 884.

We believe it is significant that the United States has long recognized the right of a utility to impose a late charge on a federal agency if the company's applicable rate schedule provides for such payment. See 51 Comp. Gen. 251, 252 (1971). The Comptroller General of the United States has held that utility late charges do not constitute penalty or interest, "since such charges merely recoup direct costs incurred by [the] utility incident to late payments." Comp. Gen., file no. B-186494 (1976). See United States v. Virginia Electric & Power Co., 412 F. Supp. 165 (E.D.N.C. 1976). If in fact a late charge "merely recoups direct costs," the state is not constitutionally prohibited from expending funds in payment thereof, since the late charge represents payment for a portion of the service provided to the state.

In view of the virtually unanimous authority from other jurisdictions, we believe that utility late charges represent an ordinary cost of doing business, which may be passed on to the State of Texas as a utility consumer, so long as the applicable rate ordinance provides for such charges, and so long as there is a reasonable relationship between the amount of the late charge and the costs it purports to recoup. Absent a dispute as to the reasonableness of the amount charged, the state is not prohibited by the Constitution or by any statute from paying the assessment. Accordingly, it is our opinion that a delinquent state

agency is at present required to pay the five percent late charge on bills for electric utility service supplied by the City of Austin.

### SUMMARY

A five percent late charge on bills for electric utility service is neither interest nor penalty, but merely a cost of doing business assessed against a delinquent consumer, so long as there is a reasonable relation between the amount of the charge and the costs it purports to recoup. Absent a contrary showing, the State of Texas is not prohibited, either by the Texas Constitution or by any statute, from paying the charge, and it is required to do so if the applicable city rate schedule so provides.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn