The **HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, Appellant,**

v.

**STATE of Texas, et al., Appellees.**

**No. 3–86–131–CV.**

Court of Appeals of Texas, Austin.

April 29, 1987.

Rehearing Denied June 3, 1987.

Diane M. Henson, Graves, Dougherty, Hearon & Moody, Austin, for appellant.

Jim Mattox, Atty. Gen., Sammie K. Glasco, Asst. Atty. Gen., Austin, for State of Texas, et al.

Before POWERS, GAMMAGE and CARROLL, JJ.

POWERS, Justice.

The Hartford Steam Boiler Inspection and Insurance Company recovered summary judgment against the State of Texas and certain State officials.[1] The judgment awards Hartford recovery for the excess amounts it had paid the State involuntarily, in specified years, for the gross-premiums tax imposed in Tex.Rev.Civ.Stat.Ann. art. 7064 (1960), a statute presently found at Tex.Ins.Code Ann. art. 4.10 (1981 & Supp. 1987). The trial court rejected Hartford's plea for pre-judgment "interest" on the excess taxes and from this part of the judgment Hartford appeals. Believing Hartford was entitled to such "interest," we will reverse that part of the trial-court judgment only, and remand the cause to the trial court for the calculation of pre-judgment interest and its incorporation in a final judgment. There is no dispute between the parties concerning Hartford's entitlement to the principal damages it recovered.

The Legislature consented to Hartford's suit by a resolution in the following terms:

\* \* \* \* \* \*

... Hartford Steam Boiler Inspection and Insurance Company is granted permission to sue the State of Texas ... *for any relief to which it may be entitled* as a result of [its] claim; ...

... That in the event suit is filed, ... [it shall] *be tried as other civil suits;* ...

... That nothing in this resolution may be construed as an admission ... of liability or of the truth of any allegation asserted by [Hartford], but the alleged cause of action must be proved *under the laws of this state as in other civil suits;* ...

... That nothing in this resolution may be construed as a waiver of any *defense,* of law or fact, available to the State of Texas ..., but every defense is specifically reserved *except the defense of im-*

*munity from suit without legislative permission;* ...

... That nothing in this resolution affects the State's ability [sic] to plead res judicata to any issue; and ... further

... That nothing in this resolution may be construed as a waiver of the State's sovereign immunity under the Eleventh Amendment to the United States Constitution or as granting permission to sue the State in any federal court.

\* \* \* \* \* \*

(emphasis added). The resolution thus consents to Hartford's suit but neither precludes nor permits, in specific terms, any recovery for pre-judgment interest. The parties draw different inferences from this aspect of the resolution.

The State contends the Legislature's omission to provide specifically and expressly for a waiver of immunity, as to prejudgment interest, leaves unimpaired the State's sovereign immunity as to Hartford's claim for such interest, as exemplified in *State v. Tennessee Gas Transmission Company,* 289 S.W.2d 309 (Tex. Civ.App.1956, writ ref'd n.r.e.), and *Walker v. State,* 103 S.W.2d 404 (Tex.Civ.App.1937, no writ). In the opinion in each of these cases, it was said that the State is not liable for pre-judgment interest in the absence of a *statute* or *express contract* making the State liable therefor, implying that the State may be held liable (1) when a statute so provides or (2) when the State contracts expressly to pay such interest. To these two exceptions, the State would add only two others. It concedes it may be adjudged liable for pre-judgment interest (3) when the Legislature expressly waives its sovereign immunity as to pre-judgment interest in the resolution whereby it consents to the suit against the State; and (4) when the claim for prejudgment interest is essential to effectuate adequate or just compensation in a suit founded upon the self-executing provisions of Tex. Const. Ann. art. I, § 17 (1984), as in *State v. Hale,* 136 Tex.

---

**1.** The following officials were sued in their official capacities: Honorable Doyce Lee, Commissioner of Insurance; Honorable Ann W. Richards, Treasurer of the State of Texas; and, Honorable Lyndon Olson, Jr. and Honorable David

H. Thornberry, chairman and member, respectively, of the State Board of Insurance. The excessive taxes were paid before these officials took office but the suit was filed during their terms.

29, 146 S.W.2d 731 (1941). None of the four possible exceptions being applicable in Hartford's case, the State argues that the trial-court judgment must be sustained.

Hartford distinguishes between conventional interest, or interest *eo nomine*, to which the foregoing rules properly apply, and "interest" as damages, calculated only by analogy to conventional interest, to which such rules do *not* apply. The company contends the pre-judgment "interest" for which it prayed was of the latter character and therefore recoverable as part of its claim for compensatory damages occasioned by the State's wrongful collection of excessive taxes. *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex. 1985); *Phillips Petroleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480 (Tex.1978). The State's waiver of immunity as to Hartford's "claim" thus amounted to a waiver of sovereign immunity as to all damages properly includable in that "claim" in order that the company might have the full indemnity contemplated by the Legislature's resolution and by the body of State law to which the Legislature referred the "claim" for adjudication.

We hold Hartford was entitled to the pre-judgment "interest" for which it sued. Had the State been a private litigant, there is no doubt that it would have been liable for pre-judgment "interest" as a matter of law and as an element of the compensatory damages it was obliged to pay for its receipt and use of money under a mistaken claim or demand. This results from the proposition that Hartford's principal damages (the amount of the excess in the taxes it paid) were fixed by conditions existing at the time the sums were paid, from which it follows as a matter of law that Hartford was entitled to both the excessive taxes and the pre-judgment "interest" in order to effectuate full indemnity for the loss occasioned by the State's wrongful act. *Phillips Petroleum Co. v. Stahl Petroleum Co., supra; Texas Company v. State,* 154 Tex. 494, 281 S.W.2d 83 (1955); *Watkins v. Junker,* 90 Tex. 584, 40 S.W. 11 (1897). But the legislative resolution expressly reserved for the State any "defense" it might interpose to Hartford's claim, and this is sufficient to reserve the rule of *Tennessee Gas* and *Walker*, if it existed at all as urged by the State and if it survives *Stahl* and *Cavnar*.

We conclude Hartford is correct in its contention that its claim for pre-judgment "interest" was, in legal contemplation, not a claim for interest as such but a claim for part of the damages recoverable for the wrongful act of the State which resulted in Hartford's injury. The difference between conventional interest (or interest *eo nomine*) and "interest" as damages is an essential part of the discussion in *Stahl* and *Cavnar* that we need not repeat here. Suffice it to say that *Stahl* recognized the common-law rule, accepted in Texas for a long period of time, "that pre-judgment interest cannot be allowed *eo nominee* [sic] (under that name) unless provided for by contract or statute." 569 S.W.2d at 483. *Stahl* recognized as well that pre-judgment "interest" has long been allowed in cases like the present, on equitable grounds, in order to avoid unjust enrichment and to effectuate full compensation for the injury sustained, even in the absence of a statute or contract, sometimes following an "unnecessary" or "round-about" fiction or rationale of "allowing indemnity under the name of damages measured by the legal rate of interest." *Id.* at 487. *Stahl* determined that the equitable exception existed when a defendant held the plaintiff's money without consent, "thereby enjoying a very considerable benefit, [while paying] nothing for the use of the money." *Id.* at 485 citing *Phillips Petroleum Co. v. Adams,* 513 F.2d 355 (5th Cir.1975). *Cavnar* subsequently re-emphasized the equitable exception but extended it to a previously doubtful area (personal-injury recoveries) of unliquidated claims. 696 S.W.2d at 551–55. The distinction between liquidated and unliquidated claims is, of course, immaterial in the present case. Hartford's claim *was* liquidated and a kind of claim in which pre-judgment interest has always been recoverable, even before *Stahl* and *Cavnar*. Both decisions expressly recognize that the word "interest" is a misnomer when used to refer to "interest" as damages. *See Heidenheimer v. Ellis,* 67 Tex. 426, 3 S.W. 666 (1887).

Neither *Stahl* nor *Cavnar* purports to diminish the general rule that a plaintiff may not recover interest *as interest*, that is to say, *conventional* interest or interest *eo nomine*, in the absence of a statutory or contractual provision authorizing such interest to be charged for the use or detention of money. Instead, the central theme of both decisions is an analysis of the numerous *exceptions* that pertain under that rule in order to effectuate full compensation for an injury to the plaintiff, in which instances additional sums are calculated by analogy to conventional interest and added to the principal damages in order to reach the sum necessary for full indemnity. But *Stahl* and *Cavnar* are also noteworthy in that they speak of the general rule in a way that has no particular applicability to the State; that is, the general rule seems to apply to *any* defendant against whom a claim for conventional interest is levied. He is not liable for such interest unless he has contracted to pay it or a statute declares that he must.

It is quite apparent, nevertheless, that *Tennessee Gas* and *Walker do* speak of the general rule as if it has peculiar applicability to the State as an aspect of sovereign immunity. In *Tennessee Gas*, the court merely quotes from *Walker* the following passage:

> It is a very well-established rule that a State is not liable for interest in the absence of a statute or express contract providing for the payment thereof. 59 C.J. 297, par. 455; *Auditorial Board v. Arles*, 15 Tex. 72, 75; *U.S. v. State of North Carolina*, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; *Jobe v. Urquhart*, 102 Ark. 470, 143 S.W. 121, Ann.Cas.1914A, 351; *Peterson v. State*, 114 Neb. 612, 209 N.W. 221. The act authorizing the bringing of this suit makes no provision for the recovering of interest. We know of no statute that grants general authority to recover interest from the State. The plaintiff is therefore limited in his recovery to the principal sum actually paid by him to the State in settlement of the judgments in question.

103 S.W.2d at 407. Each of the authorities cited in the quoted provision dealt with the matter of conventional interest, that is, interest *eo nomine* or interest as interest, claimed in connection with *consensual transactions by which the State became a debtor.* For example, in *Auditorial Board v. Arles*, 15 Tex. 72 (1855), the court held the State was not liable on its contract debt for interest because the officer making the contract exceeded his statutory authority in agreeing to pay such interest. Therefore, the plaintiff was limited to a recovery for only the principal sum of the debt because "the State cannot be required to pay interest, unless it is so authorized by law; ..." *Id.* at 74. Evidently, this had reference not to sovereign immunity but to the State's argument "that governments pay no interest, resting upon the presumption that governments are ever ready to discharge all their obligations; but to this rule there are exceptions." *Id.* at 73. In *U.S. v. State of North Carolina*, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1889), the Court evidently construed the State's bonds to include a contract for interest but similarly held the provision invalid "because the State of North Carolina has never authorized its officers to incur any such obligation in his behalf." 136 U.S. at 222, 10 S.Ct. at 924. None of the authorities cited in *Walker* dealt with a claim for interest as damages arising out of a non-consensual transaction characterized by the State's commission of a wrongful act, such as we have in the present case.

In the *Walker* case, the State recovered against Walker a default judgment in the State's suit against him on undertakings evidenced by bonds on which he was a surety. He duly paid the judgments but obtained permission to sue the State in order that he might establish a good defense that he had failed to interpose in the State's suit. In no sense, however, did the State obtain money from Walker through a wrongful act. Consequently, Walker's claim against the State could not have been a claim for "damages" attributable to the State's conduct. 103 S.W.2d at 405. In this respect, Walker's claim is entirely different from Hartford's, which avers both a wrong by the State and consequent damages to the company.

In *Tennessee Gas,* the court applied the *Walker* decision in a case that *is* much like that brought by Hartford. There, the State demanded and collected taxes imposed by a statute later held unconstitutional. Tennessee Gas obtained legislative permission to sue for a recovery of the taxes it had paid involuntarily; and, the resolution made no reference to interest one way or another. Unlike *Walker,* however, the claim made in *Tennessee Gas* for pre-judgment interest was apparently for "interest" as damages attributable to the wrongful conduct of the State, and not for conventional interest or interest *eo nomine.* Therefore, we believe *Walker* was erroneously applied in *Tennessee Gas.*

The rule mentioned in *Walker* has also found expression in two other decisions we have found. In *State v. El Paso Natural Gas Company,* 300 S.W.2d 170 (Tex.Civ. App.1957, no writ), the court merely restated the *Walker* rule in construing the Legislature's resolution which provided that "no interest shall be paid." In *Board of Regents, University of Texas v. S & G Construction Co.,* 529 S.W.2d 90 (Tex.Civ. App.1975, writ ref'd n.r.e.), the court rejected the State's claim of immunity from any claim for interest in the absence of "an agreement made pursuant to statutory authority." *Id.* at 99. The State also claimed particular immunity from any claim for pre-judgment interest, but the opinion is not clear as to the basis upon which the claim for pre-judgment interest was made, why the State was alleged to be immune from the claim, or why the court rejected the State's assertion of immunity. *Id.* at 100.

We are not convinced the rule exists in the form suggested by the State. Rather, we believe the *Walker* rule, despite its apparently erroneous application in *Tennessee Gas,* applies only to consensual transactions by reason of which the plaintiff sues the State for conventional interest, or interest *eo nomine.* (There is language in *U.S. v. North Carolina, supra,* suggesting that the contrary was true under the law of North Carolina, which law governed the bonds in question in that suit.) We reach this conclusion for the following reasons.

The term "interest *eo nomine*" refers to conventional interest, that is to say, the sum charged for the use or detention of money under a contract or statute that expressly *authorizes* the charge, which charge is a part of the principal debt itself. *Heidenheimer v. Ellis, supra;* 45 Am. Jur.2d *Interest* § 1, at 15–16 (1969). Thus, such interest is defined by the very fact that it *is* authorized by the terms of a statute or contract. When a plaintiff sues for a sum he characterizes "interest," that sum may or may not be "interest *eo nomine*" or conventional interest; whether it is depends upon whether the plaintiff claims the sum by reason of contractual or statutory authority. Had Hartford claimed in the present case that it was entitled to prejudgment "interest" under authority of some statute or contractual agreement, quite obviously it could not recover because no contract or statute authorizes the charge. It is equally obvious that this would be a claim for interest *eo nomine* or conventional interest, to which *Walker* would apply.

Hartford did not make such a claim. In our interpretation of its petition, Hartford quite plainly requested "interest" *as damages* for the purpose of effectuating full indemnity for the injury occasioned by the State's wrongful demand and collection of excessive taxes. As pointed out in *Heidenheimer* and *Watkins,* and again in *Stahl* and *Cavnar,* the word "interest" is a misnomer when used by a plaintiff in that manner. But, as stated in *Watkins,* it "is a term so familiar that it is perhaps the most expressive and intelligible that could be used to inform the jury what the rights of the parties are." 40 S.W. at 12. Consequently, the misnomer has never been allowed to control the plaintiff's entitlement to "interest" as damages so far as we have been able to determine, with the possible exception of *Tennessee Gas.* Rather, the matter is judged by the legal effect of the plaintiff's claim—is it one for conventional interest or one for "interest" as damages?

In the present case, the effect of the State's argument is to render the misnomer controlling—*because* Hartford claimed a sum it denominated "interest," it therefore

is bound to the proposition that the sum it claimed was conventional interest *because* the latin expression *eo nomine* literally means "under that name." Under that assumption, Hartford's claim is then quite easily defeated by the State's pointing to the absence of any statute or contract that authorizes the charge of prejudgment interest. We reject this theory for it stands on their heads the rules and principles discussed heretofore.

If *Tennessee Gas* ever was correctly applied to preclude the award of pre-judgment "interest" even as damages, we hold that it has been impliedly overruled in *Stahl* and *Cavnar.* As indicated above, this is not true as to *Walker* for the rule stated therein was not applied to a claim for pre-judgment "interest" as damages.

We therefore hold the trial court erred in denying Hartford's claim for pre-judgment "interest." There remains the question of the proper rate at which such "interest" shall be calculated. We hold that it shall be calculated according to the statutory procedure directed in *Cavnar, supra.*[2] We order that the judgment be reformed accordingly and remand the cause to the trial court for that purpose.

---

2. *Cavnar* adopted, as a measure of pre-judgment "interest" recoverable as damages, the statutory scheme set forth in Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 2 (Supp.1987).