

# THE ATTORNEY GENERAL
# OF TEXAS

November 30, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Perry L. Adkisson                    Opinion No.  JM-987
Chancellor
The Texas A&M University System          Re:  Applicability of
College Station, Texas 77843             the limited sales and
                                         use  tax  to   public
Honorable Bob Bullock                    entities (RQ-1363 and
Comptroller of Public Accounts           RQ-1415)
L.B.J. State Office Building
Austin, Texas 78774

Gentlemen:

　　　This office has received two requests for opinions
which ask a series of related questions concerning the
applicability of certain provisions of the Texas Limited
Sales, Excise, and Use Tax Act to public entities which
engage in transactions subject to the taxes levied under the
act.  See generally Tax Code §§ 151.001-151.801.

　　　The Comptroller of Public Accounts requests our opinion
on the following issues:

　　　　　(1) Whether   state   agencies,   cities,
　　　counties, independent school districts, state
　　　colleges and universities or their auxiliary
　　　enterprises, and special purpose districts
　　　engaged in making retail sales of tangible
　　　personal property and services subject to
　　　taxation under the Texas Sales Tax Act must
　　　collect sales tax on those sales?

　　　　　(2) If [such entities must collect taxes
　　　of retail sales,] then must they be issued
　　　a sales tax permit [specified in section
　　　151.204 of the Tax Code]?

　　　　　(3) If so, are they subject to the same
　　　rules as other taxpayers with regard to:

　　　　　a) purchase of tax permits;
　　　　　b) filing of returns;

> c) penalty and interest on late filings; and
>
> d) enforcement procedures and other matters.

Additionally, Chancellor Adkisson asks whether public institutions of higher education are entitled to withhold a percentage of gross sales and use tax receipts as reimbursement for the cost of collecting the taxes. The statute permits those who collect the tax on behalf of the state to withhold one-half of one percent of the tax due. Tax Code § 151.423.

I.

It is important to note at the outset that these questions do <u>not</u> concern the taxation of any public body. <u>See, e.g.</u>, Attorney General Opinion WW-1502 (1962). Rather, the issues under review concern the applicability of certain provisions of the Tax Code to public bodies that "sell" or "retail" tangible personal property subject to the sales and use tax. <u>See, e.g.</u>, Tax Code § 151.052; Part III, below.

Nor do the questions under examination pertain to exemptions from the imposition of the sales and use tax for governmental entities on purchases of tangible personal property for their use. <u>See</u> Tax Code § 151.309.

Of course, the application of the provisions of <u>any</u> tax law, including enforcement provisions with interest charges and monetary penalties, to public bodies <u>may</u> in fact promote something like what one court has identified as the "senseless process" of the sovereign taxing itself

> [t]he net result of which would be but to take its own money out of one pocket for the purpose of putting it into another -- less the cost of assessing and collecting the tax. . . . accomplish[ing nothing] but the idle expenditure of public funds.

<u>Lower Colorado River Authority v. Chemical Bank and Trust Co.</u>, 190 S.W.2d 48, 51 (Tex. 1945) (citation omitted). <u>See also</u> Attorney General Opinion WW-1502 (1962).

II.

Section 151.051 of the Tax Code specifies that a "tax is imposed on each sale of a taxable item in this state."

The tax is collected by those making sales of things subject to the tax:

> (a) A seller who makes a sale subject to the sales tax imposed by this chapter shall add the amount of the tax to the sales price, and when the amount of the tax is added:
>
>> (1) it becomes a part of the sales price;
>>
>> (2) it is a debt of the purchaser to the seller until paid; and
>>
>> (3) if unpaid, it is recoverable at law in the same manner as the original sales price.

Tax Code § 151.052. Additionally, the Tax Code defines a "seller" or "retailer" in relevant part as a

> (a) . . . person engaged in the business of making sales of taxable items of a kind the receipts from the sale of which are included in the measure of the sales or use tax imposed by this chapter.

Tax Code § 151.008. "Business" is defined as "an activity of or caused by a person for the purpose of a direct or indirect gain, benefit, or advantage." Tax Code § 151.003.

It is important to note that the Code Construction Act mandates the inclusion of "government," "governmental agency," and "governmental subdivision" within the general definition of "person" as that word is used in the relevant provisions of the Tax Code. Gov't Code § 311.005(2).[1]

When the legislature intends for governmental entities to be treated differently from other persons in the Tax Code, it specifically provides for distinctive treatment for

---

1. The first act imposing the limited sales and use tax contained a definition of "person" which included the "State, or any agency hereof, or any city, county, special district, or other political subdivision of this State to the extent engaged in the selling of tangible personal property . . . ." Acts 1961, 57th Leg., 1st C.S., ch. 24, § 1, at 71.

public entities whose activities otherwise fit within the reach of the statute. See, e.g., Tax Code § 151.3101 (the sales of amusements "exclusively provided: by this state, municipality, county, school district, special district, or other political subdivision of this state . . ." are exempted from the sales and use tax); and Tax Code § 151.309 (exemption from payment of the tax by governmental entities).

This office has noted, for example, that the sales tax is applied to sales made by the Department of Highways operating as a retailer selling tangible personal property to purchasers in the general public. Attorney General Opinion H-303 (1974). No general principle in the Constitution or the Tax Code limits the application of the sales and use tax simply because transactions subject to the tax are entered into by public entities, or because the public body must extract the tax from those purchasers who owe it as a part of the purchase price of tangible personal property.

Thus, when a governmental entity acts as a "retailer" or "seller," section 151.052 of the Tax Code makes clear that the "seller" or "retailer" is not initially liable for the tax; rather, the purchaser is liable to the seller for the tax as "a part of the sales price." Accordingly, the key operational definitions in the sales tax law apply to public bodies that otherwise fit within their terms. The provisions of the law are clear and unambiguous, and call for no examination beyond the plain meaning of the words used in the statute. Brazos River Authority v. Graham, 354 S.W.2d 99 (Tex. 1961).

### III.

The collection of the sales and use tax and the deposit of the tax receipts with the state depends on the specific efforts of sellers and retailers mandated by the Tax Code. Retailers must register with the comptroller, and all sellers must obtain sales tax permits. Tax Code §§ 151.106, 151.201.

Subchapter I, chapter 151 of the Tax Code specifies the methods which must be used by retailers and sellers to report the amount of the taxes they collect. The subchapter also specifies the deadlines for making such reports and for transmitting tax receipts to the comptroller. See Tax Code §§ 151.401, 151.409. Additionally, the code permits the seller or retailer collecting the tax to deduct one-half of one percent of the amount due for the cost of collecting the

tax and to qualify for certain discounts for some prepayment of the taxes collected.  Tax Code §§ 151.423, 151.424.

Subchapters K  and  L,  chapter 151  of  the  Tax  Code specify the  procedures  used to  collect  delinquent  sales taxes, mandate penalties to be levied for certain violations of the sales  tax law, and  prohibit certain practices  with regard to the collection and payment of the tax.

The provisions of the Tax  Code which place the  burden of collecting the sales tax on sellers and retailers do  not distinguish retailers and sellers in the public sector  from private retailers and sellers.  Again, it appears that  when the legislature  meant  for  different  rules  to  apply  to governmental entities, it provided so in other  definitional provisions of the Tax Code.   See the discussion at page  5, above.

Thus, absent  specific language  creating an  exception for governmental  entities, all  of  the provisions  of  the limited sales, use, and excise tax law apply to governmental entities entering into  transactions subject  to the  provisions of the Tax Code, with the exception discussed in  Part IV, and subject  to the  general qualifications  set out  in Part V.

Specifically, public institutions  of higher  education when they  act as  "sellers"  or "retailers"  by  conducting transactions subject to the sales tax, should be treated  by the comptroller as any other "seller" or "retailer"  engaged in the kinds of transactions subject to the tax.  They are entitled to all  of the benefits  extended to "sellers"  and "retailers" in  the Tax  Code,  and subject  to all  of  the burdens of  the  law.  Accordingly, they  are  entitled  to withhold the  statutorily  prescribed  amount  permitted  to sellers and retailers who  collect taxes, to reimburse  them for the costs of collecting the tax on behalf of the  state, and to qualify for any bounties provided for the  prepayment of taxes.  Tax Code §§ 151.423, 151.424.

Additionally, the comptroller asks specifically whether governmental  entities  must  purchase  sales  tax  permits. Section 151.202  of the  Tax Code  provides that  a  "person desiring to be a  seller in this state  shall file with  the comptroller an application  for a permit  for each place  of business."  See also Tax Code §§ 151.201, 151.2021  (governs fees to be  charged for  issuance and renewal  of sales  tax permits).  There is no language in any of the provisions  of the sales and  use tax  law concerning  permits to  indicate that the  legislature  intended  for  governmental  entities

conducting business as sellers to be exempt from either the permit requirement or the fees to be charged for new and renewed permits.  Attorney General Opinion JM-973 (1988).

IV.

Subsequent to the enactment of the Tax Code, the legislature adopted the State Funds Reform Act.  Gov't Code §§ 404.091 - 404.094.  The State Funds Reform Act applies to state agencies, defined as:

> an office, institution, or other agency that is in the executive branch of state government, has authority that is not limited to a geographical portion of the state, and was created by the constitution or a statute of this state, but does not include an institution of higher education as defined by Section 61.003, Education Code.

Gov't Code § 404.092.  The act applies to state agencies only "to the extent that they are not otherwise required to deposit funds in the treasury."  The act does not apply to funds specified in section 404.093 (b) of the Government Code, none of which are relevant to this inquiry.

In essential part, the state Funds Reform Act requires that:

> (a) Fees, fines, penalties, taxes, charges, gifts, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury . . . . A deposit shall be made at the earliest possible time that the treasury can accept those funds, but not later than the seventh day after the date of receipt.

> (b) Money that is required by this subchapter or by another law to be deposited in the treasury shall be deposited to the credit of the general revenue fund unless the money is expressly required to be deposited to another fund, trust fund, or special account not in the general revenue fund. This subsection does not affect the authority of the comptroller or the treasurer to establish and use accounts necessary to manage and account for state revenues and expenditures. (Emphasis added.)

Gov't Code § 404.094. Sales tax receipts collected by sellers and retailers "shall be delivered to the office of the comptroller." Tax Code § 151.409. At present, the comptroller's rules require taxes collected by state agencies to be deposited in the treasury within seven days. Comptroller of Public Accounts, Revenue Accounting Rule 12.

This practice of the comptroller is consistent with the State Funds Reform Act. Although the Tax Code specifies that sellers and retailers must send sales tax receipts to the comptroller on either a monthly or a quarterly basis, the comptroller may require that receipts be submitted on a different basis, if he deems that to be necessary "to facilitate the collection of taxes due." Tax Code §§ 151.401, 151.405. Thus, the present practice which requires taxes collected by the state and its agencies to be <u>deposited</u> in the treasury within seven days is authorized by the Tax Code. This practice is also consistent with the provisions of the Government Code requiring that taxes <u>collected</u> or <u>received</u> by state agencies must be in the treasury within seven days of receipt.

V.

The comptroller also asks whether the enforcement provisions in subchapters K and L, chapter 151 of the Tax Code apply to governmental entities, including the state, its agencies, counties, cities, and independent school districts. In particular, the comptroller inquires about the application of provisions levying penalties and interest for the late filing of required reports and the late payment of taxes to such taxpayers.

The enforcement provisions of the Tax Code make no distinction between public and private entities subject to the code in any of the sections touching on the enforcement of the sales and use tax, including the provisions concerning the levying of penalties and interest.

The Constitution forbids payments to be made from the public treasury except pursuant to a specific appropriation. Tex. Const. art. VIII, § 6. Additionally, appropriations may be made only under the authority of previously adopted legislation. Tex. Const. art. III, § 44. The state is not liable for interest on claims made against it, unless a statute authorizes the interest. <u>See, e.q.</u>, <u>State v. El Paso Natural Gas Company</u>, 300 S.W.2d 170 (Tex. Civ. App. - Austin 1957, no writ).

The Tax Code requires all of the entities subject to its provisions to pay interest on certain tax returns filed late; the state is such an entity. The Tax Code also does not discriminate between public and private entities in the provisions governing the imposition of penalties. Therefore, the code authorizes the state to pay both the interest and penalties which may be levied against it under the enforcement provisions of the sales and use tax law. This means that the comptroller may impose penalties and interest in the appropriate circumstances specified by the Tax Code. Satisfaction of a levy must await action by the legislature to appropriate funds to pay any levies against the state or one of its arms. Again, while the imposition of such a penalty by the state against itself may be a pointless process, it is not forbidden by any provision in the law. Lower Colorado River Authority v. Chemical Bank and Trust Co., 190 S.W.2d 48 (Tex. 1945).

Counties must adopt annual budgets which provide details of planned expenditures for the county. See generally Local Gov't Code, ch. 111. Expenditures may be made only "in strict compliance with the budget." See Local Gov't Code §§ 111.010, 111.041, and 111.070. This means that all payments, including fines and interest due because of violations of the Tax Code, must be provided for specifically in the budget adopted by the county commissioners.

A similar pattern applies both to municipalities and school districts. See Local Gov't Code § 102.009; Educ. Code §§ 17.29, 17.56, 23.42, and 23.47.

### S U M M A R Y

The Limited Sales and Use Tax Law applies fully to the state, including its agencies and political subdivisions, to municipalities, and to independent school districts entering into transactions which fit within the terms of the Tax Code. All entities subject to the provisions of the sales tax law are entitled to any benefits extended by the statute, including the provision which allows sellers and retailers who collect the tax to withhold a specified percentage of the taxes collected as reimbursement for the costs of collection. The State Funds Reform Act, sections 404.091 through 404.094 of the Government Code, apply to the handling of sales tax receipts collected by the entities subject to the act. Penalties and interest

levied against  public entities  pursuant  to
the Tax Code may be paid by the entities only
pursuant to law.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General