CALVERT et al. v. TEXAS CITRUS COMMISSION et al.

No. 10130.

Court of Civil Appeals of Texas. Austin.

Jan. 14, 1953.

Rehearing Denied Jan. 28, 1953.

John Ben Shepperd, Atty. Gen., John Davenport and Ed Reichelt, Asst. Attys. Gen., Cox, Patterson & Freeland, McAllen, Robert H. Kern, Jr., Ewers, Cox & Toothaker, and William E. York, McAllen, for appellants.

Hill, Lochridge & King, Neal King, Mission, Graves, Dougherty & Greenhill and Joe Greenhill, Austin, for appellees.

ARCHER, Chief Justice.

This is an action under Article 2524–1, the Declaratory Judgments Act, to determine the status of the Texas Citrus Commission after the Supreme Court's decision in H. Rouw Co. v. Texas Citrus Commission, 1952, 150 Tex. ——, 247 S.W.2d 231, 235. The question is: Is there a Texas Citrus Commission? Stated differently, are portions of the Citrus Commission Act, Article 118d, R.C.S., still in effect?

Appellees contend that the Rouw case actually held that the tax created in the Citrus Act was not equal and uniform and was therefore unconstitutional but that only the tax feature was passed on leaving a portion of the Act as valid. The Act contained a severability clause stating that if, for any reason, any paragraph or portion of the Act should be invalid, other portions should not be affected but should remain in full force and effect.

This suit was brought to determine whether there now is a Citrus Commission.

The appellees contend that the Commission still exists and has continued to meet. The appellants take the position that the Supreme Court in its decision in the Rouw case, supra, has held the entire Act unconstitutional and by plea in abatement have taken the further position that the Commission does not exist as a legal entity, and the Supreme Court in the Rouw case passed not only on the validity of the tax but held the entire Act invalid as shown by the following statement in referring to an opinion of the Attorney General dated October 5, 1949, being No. V–922, upholding the validity of the Act:

"One of these (questions not covered by the opinion) is the identical question upon which we have passed, and have held the Act unconstitutional."

Further statement is made by the appellees in their brief that "the question here presented was called to the attention of the Supreme Court on Motion for Rehearing, but the Court did not choose to write on the point."

The trial court in its judgment finds that the Commission is a presently existing municipal corporation of the State of Texas as provided by Section 5 of the Act.

We do not restate the provisions of the Act as the Act is set out in detail in the decision of the Supreme Court in the Rouw case, supra, and those interested may have resort thereto.

Nor do we believe that we should attempt to write on or try to explain the holding of our Supreme Court or discuss the several cases cited since that Court has disposed of the appeal as it did, other than to state the entire subject matter of the instant case was presented to our Supreme Court, with exhaustive and informative briefs, and the Court was fully requested on Motion for Rehearing to revise, correct or amend its former decision, and having declined to do so we are without authority to consider such request.

The fact that the Supreme Court did not write on rehearing is of no moment. The identical question before us now was presented to the Supreme Court on Motion for Rehearing. The order overruling the motion effectively and adversely determined the questions therein raised, at least insofar as this Court is concerned.

We therefore reverse the judgment of the trial court and render judgment for the appellants.

Reversed and rendered.