**STATE of Texas, Appellant,**

v.

**AKIN PRODUCTS COMPANY et al.,
Appellees.**

**No. 12858.**

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Rehearing Denied June 1, 1955.

John Ben Shepperd, Atty. Gen., W. V. Geppert, W. W. Guild, L. P. Lollar, Asst. Attys. Gen., for appellant.

Ewers, Cox & Toothaker, Cox, Patterson & Freeland, Orville I. Cox, Wm. E. York, McAllen, Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

POPE, Justice.

Plaintiffs sued the State of Texas to recover taxes that they claim they paid to the State under the duress of an unconstitutional law. The State has appealed from a summary judgment for the plaintiffs, and a denial of the State's prayer for summary judgment.

In 1949, the Texas Legislature enacted the Texas Citrus Commission Act, H.B. 29, Acts 51st Leg., R.S. 1444, Ch. 93, p. 150. The Act was amended in 1951. H.B. 36, Acts 52d Leg., R.S. 1451, Ch. 117, p. 142, Vernon's Ann.Civ.St. art. 118d. The Act empowered the Commission to collect a tax computed on the basis of citrus fruit packed or placed in containers and marketed or processed and sold. In obedience to the law, the plaintiffs each paid the tax in the amounts asserted in their petition. The Supreme Court subsequently held that the Act was unconstitutional in its entirety. H. Rouw Company v. Texas Citrus Commission, 151 Tex. 182, 247 S.W.2d 231; Calvert v. Texas Citrus Commission, Tex. Civ.App., 254 S.W.2d 232. Plaintiffs then obtained permission to sue the State, and this action is brought for the recovery of funds which were collected under the authority of the Act. After the Act was declared unconstitutional, the Commission returned such funds as were still in its hands, but some of the funds had been expended for the purposes provided in the Act.

The law applicable to such suits is settled and clearly announced in several opinions of the Supreme Court. Austin National Bank v. Sheppard, Tex.Com.App., 123 Tex. 272, 71 S.W.2d 242; Metropolitan Life Ins. Co. of New York v. Mann, 140 Tex. 450, 168 S.W.2d 212; National Biscuit Co. v. State, 134 Tex. 293, 135 S.W.2d 687; Corporation of City of Marshall v. Snediker, 25

410

Tex. 460. See also, Atchison, T. & S. F. R. Co. v. O'Connor, 223 U.S. 280, 32 S.Ct. 216, 56 L.Ed. 436. The controlling issue in this case is whether plaintiffs paid the tax by reason of an Act which was so burdensome and onerous as to justify the trial court's belief that the plaintiffs paid the taxes under duress.

■ The taxes were paid under duress. The State enforced the collection of taxes under the Act, which it insisted was a valid, Constitutional law. It failed in that contention and it now insists that the taxes were voluntarily paid because the law was actually non-existent and unconstitutional. The reason the State is in that awkward position is that it ignores the fact that the Act had power and was fully operative until it was declared unconstitutional. In the event the plaintiffs had refused to post the required bond and pay the required taxes, the Act did these things: (1) Imposed a penalty at the rate of $50 each day for the violation; (2) declared that the taxes were the personal obligation of the taxpayer, and imposed interest at the rate of 10% on all unpaid taxes; (3) declared the failure to post the bond or pay the tax as illegal, and (4) expressly directed the courts, on request of the Commission, to restrain or abate any violations and to grant injunctive relief which could be mandatory.

The Commission possessed the powers above stated and exercised them, as is seen from the case of H. Rouw Company v. Texas Citrus Commission, 151 Tex. 182, 247 S.W.2d 231. In that case the shipper refused to post the bond or pay the tax, and he was enjoined from doing business. When a business man can do no business, he suffers or is ruined, and it is slight comfort to him that it was all against the law. The decision facing the man in business is to comply or close up. The State possessed the power to compel compliance though the Act was invalid. Under these circumstances, the plaintiffs posted the required bonds and paid the required taxes. The one who refused, H. Rouw Company, was in fact enjoined by the trial court from doing business.

The compulsion upon the plaintiffs to pay the taxes is similar to that discussed in Crow v. City of Corpus Christi, 146 Tex. 558, 209 S.W.2d 922, 924, where the Court said:

■ "The early common-law doctrine of duress has been expanded (17 Am.Jur., p. 875) and many courts have adopted the modern doctrine of 'business compulsion,' under which 'it is established that where by reason of the peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interest it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain, the payment may be recovered.' 40 Am.Jur., p. 831. A view similar to that of 'business compulsion' has been taken by our courts in cases involving the recovery of illegal taxes or fees; and 'it is immaterial to the right of repayment,' in the absence of statutory provision to that effect, 'whether or not an illegal tax is paid under protest.' National Biscuit Co. v. State, supra; Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242; Cooley on Taxation, Vol. 3 (4th Ed.) p. 2566."

The judgment is affirmed.