STATE OF TEXAS V. AKIN PRODUCTS COMPANY ET AL.

No. A-5391. Decided January 4, 1956.
Rehearing overruled February 15, 1956.
(286 S.W. 2d Series 110)

*John Ben Shepperd*, Attorney General, *W. V. Geppert, W. W. Guild* and *L. P. Lollar*, Assistants attorney general, for petitioner.

The Court of Civil Appeals erred in failing to hold as a matter of law that the claim of respondents against the State vio-

lates Article III, section 44 of the Constitution which forbid the granting or appropriating of any moneys in the State Treasury to any individual on a claim which has not been provided for by a pre-existing law; or section 51 of the same article which forbids the granting of public money for purposes other than public or governmental; nor under Article III, section 48 which denies the Legislature the right to levy taxes for any purpose other than for revenue sufficient for the economical administration of the government. The Court of Civil Appeals also erred in holding that the unconstitutional Citrus Commission Act was fully operative to create a liability and obligation against the State in favor of respondent until it was declared unconstitutional, it being undisputed that the Court of Civil Appeals found that the money paid to the Texas Citrus Commission by respondents was spent for the purposes of the Act, said purposes being for respondent's benefit and not for the benefit of the State. Davis v. Allison, 189 S.W. 968; Golden v. Alexander, 141 Texas 134, 171 S.W .2d 328; Sharber v. Florence, 131 Texas 341, 115 S.W. 2d 604; State v. Ragland Clinic-Hospital, 128 Texas 292, 159 S.W. 2d 105.

*Ewers, Cox & Toothaker, Orville V. Cox* and *William E. York, Robert H. Kern,* and *Cox, Patterson & Freeland,* all of McAllen, *Kelley, Looney, McLean & Litttleton,* of Edinburg, for respondents.

In reply cited Austin National Bank v. Sheppard, 71 S.W. 242; Johnson v. Hanscom, 90 Texas 321, 38 S.W. 761; H. Rouw Co. v. Texas Citrus Commission, 247 S.W. 2d 231.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

In a well-considered opinion the Court of Civil Appeals has correctly decided this case, 279 S.W. 2d 409. No reason is perceived why the most of that opinion should not be adopted by this court and published in our official reports. We therefore quote with approval therefrom as follows:

"Plaintiffs sued the State of Texas to recover taxes that they claim they paid to the State under the duress of an unconstitutional law. The State has appealed from a summary judgment for the plaintiffs, and a denial of the State's prayer for summary judgment.

"In 1949, the Texas Legislature enacted the Texas Citrus Commission Act, H.B. 29, Acts 51st Leg., R.S. 1444, Ch. 93,

p. 150. The Act was amended in 1951. H.B. 36, Acts 52d Leg., R.S. 1451, Ch. 117, p. 142. The Act empowered the Commission to collect a tax computed on the basis of citrus fruit packed or placed in containers and marketed or processed and sold. In obedience to the law, the plaintiffs each paid the tax in the amounts asserted in their petition. The Supreme Court subsequently held that the Act was unconstitutional in its entirety. H. Rouw Company v. Texas Citrus Commission, 151 Texas 182, 247 S.W. 2d 231; Calvert v. Texas Citrus Commission, 254 S.W. 2d 232. Plaintiffs then obtained permission to sue the State, and this action is brought for the recovery of funds which were collected under the authority of the Act. After the Act was declared unconstitutional, the Commission returned such funds as were still in its hands, but some of the funds had been expended for the purposes provided in the Act.

"The law applicable to such suits is settled and clearly announced in several opinions of the Supreme Court. Austin National Bank v. Sheppard, Com. App., 123 Texas 272, 71 S.W. 2d 242; Metropolitan Life Ins. Co. of New York v. Mann, 140 Texas 450, 168 S.W. 2d 212; National Biscuit Co. v. State, 134 Texas 293, 135 S.W. 2d 687; City of Marshall v. Snediker, 25 Texas 460. See also Atchison, T. & S. F. R. Co. v. O'Connor, 223 U.S. 280. The controlling issue in this case is whether plaintiffs paid the tax by reason of an Act which was so burdensome and onerous as to justify the trial court's belief that the plaintiffs paid the taxes under duress.

■ "The taxes were paid under duress. The State enforced the collection of taxes under the Act, which it insisted was a valid, constitutional law. It failed in that contention and it now insists that the taxes were voluntarily paid because the law was actually non-existent and unconstitutional. * * * * In the event the plaintiffs had refused to post the required bond and pay the required taxes, the Act did these things: (1) Imposed a penalty at the rate of $50.00 each day for the violation; (2) declared that the taxes were the personal obligation of the taxpayer, and imposed interest at the rate of 10% on all unpaid taxes; (3) declared the failure to post the bond or pay the tax as illegal, and (4) expressly directed the courts, on request of the Commission, to restrain or abate any violations and to grant injunctive relief which could be mandatory.

"The Commission possessed the powers above stated and exercised them, as is seen from the case of H. Rouw Company v. Texas Citrus Commission, 151 Texas 182, 247 S.W. 2d 231.

In that case the shipper refused to post the bond or pay the tax, and he was enjoined from doing business. When a businessman can do no business, he suffers or is ruined, and it is slight comfort to him that it was all against the law. The decision facing the man in business is to comply or close up. The State possessed the power to compel compliance though the Act was invalid. Under these circumstances, the plaintiffs posted the required bonds and paid the required taxes. The one who refused, H. Rouw Company, was in fact enjoined by the trial court from doing business.

"The compulsion upon the plaintiffs to pay the taxes is similar to that discussed in Crow v. City of Corpus Christi, 146 Texas 558, 209 S.W. 2d 922, where the Court said:

■ " 'The early common-law doctrine of duress has been expanded (17 Am. Jur., p. 875) and many courts have adopted the modern doctrine of "business compulsion," under which "it is established that where by reason of the peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interest it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain, the payment may be recovered." 40 Am. Jur., p. 831. A view similar to that of "business compulsion" has been taken by our courts in cases involving the recovery of illegal taxes or fees; and "it is immaterial to the right of repayment," in the absence of statutory provision to that effect, "whether or not an illegal tax is paid under protest." National Biscuit Co. v. State, supra; Austin Nat. Bank v. Sheppard, 123 Texas 272, 71 S.W. 2d 242; Cooley on Taxation, Vol. 3 (4th Ed.), p. 2566.'

"The judgment is affirmed."

■ In its application for a writ of error the State argues two questions which were not discussed in the above opinion and of which we think we should take notice in this opinion. As one of the grounds for its holding that these taxes were paid under duress the opinion states in the event respondents refused to pay same the Act "Imposed a penalty at the rate of $50.00 each day for the violation." The Attorney General points out that the original Act did not impose that penalty, and that the major portion of the taxes was paid before the amendment in 1951, in which that penalty was first imposed. It is our view that if that particular reason be eliminated it would not follow that the taxes were not paid under duress for the other reasons given in the opinion.

It is contended that the State should not be compelled to refund these taxes because they were spent for the purposes of the Act, which purposes were for the benefit of respondents and not for the benefit of the State as a whole. The argument is pressed that the purpose of the Act was to promote the citrus industry and the interests of those engaged in it in the section known in Texas as "The Valley." We have inspected the record in the Rouw case, supra, and find that the brief of the H. Rouw Company attacked the Act on that very ground. In answer to the contention the then Attorney General in an exhaustive brief, citing many authorities both within and without the State, defended the validity of the Act against that attack. To his brief he attached a copy of the opinion of his Department, dated October 5, 1949, in which the Commissioner of the State Department of Agriculture was advised that the Act was a valid exercise of legislative authority. This court did not pass on that question, but sustained the point in the appellant's brief attacking the Act on the ground that the tax imposed was an occupation tax which was not equal and uniform. We think it unnecessary for us to decide in this opinion which Attorney General held the correct view of the law. This suit does not involve the constitutionality of the Act, but is one for the recovery of taxes paid under the Act which has heretofore been declared unconstitutional. It may be true that respondents received some indirect financial benefits from the taxes paid by them, but the problem here is not to undertake to determine the amount, if any, which their businesses profited by the tax. Obviously, that would be very difficult, if not impossible, to determine and would be decisive of nothing if determined. The controlling fact in this case is that these taxes have been paid under the duress of an unconstitutional Act. They should therefore be refunded regardless of what industry may have been benefited by them.

The Judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 4, 1956.

Rehearing overruled, February 15, 1956.