NO.
12-07-00245-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

IN RE:

§                      ORIGINAL PROCEEDING

RUSK ENERGY, LTD.

§                      

                                                                                                                                                           


MEMORANDUM
OPINION

            Rusk Energy, Ltd. seeks a writ of
mandamus requiring the trial court to vacate the portion of its December 15,
2006 order requiring a $100,000 bond from Rusk and to release the funds posted
in compliance with the order back to Rusk.[1]  We conditionally grant the writ.

 

Background

            Kim R. Smith, the real party in
interest, owns the surface of 79 acres of land in Rusk County, Texas.  Smith purchased the tract subject to a
reservation of the minerals and an existing oil, gas, and mineral lease that
does not provide for surface damages. 
Rusk is the majority working interest owner.  In early November 2006, Rusk notified Smith
that it intended to drill the Gray Unit No. 2 gas well on Smith’s land.  Rusk ultimately determined that its
operations would occupy two acres of Smith’s land.  In what it describes as a “gesture of good
will,” Rusk offered Smith $12,500 as compensation for any damages its operations
might cause to Smith’s land.  When Smith
did not accept its offer, Rusk delivered a $12,500 check to Smith’s
office.  Smith never cashed the check.

            By the end of November 2006, Pioneer
Drilling Company, the drilling contractor, had completed the well
location.  On December 12, 2006, Smith
sued Pioneer seeking an ex parte temporary restraining order (TRO) as well as
temporary and permanent injunctive relief to prevent Pioneer from directly or
indirectly developing the well site. 
Smith alleged, in part, that the 79 acre tract was “being developed for
real estate and . . . that Defendant’s usage of the surface [was] excessive and
unreasonable in the placement of its well and [has] rendered Plaintiff’s
property virtually useless.”  Smith also
alleged that Pioneer had moved its rig immediately adjacent to a dedicated city
street without seeking the proper permits for a variance in constructing its
well at that location.  As grounds for
injunctive relief, Smith alleged that Pioneer had threatened irreparable harm
to his property and rights; that Pioneer’s conduct was completely without
right; and that Smith had no adequate remedy at law for the injuries and losses
that had been caused by Pioneer’s conduct and would continue to be caused
without injunctive relief.  

            The trial court granted the TRO and
required Smith to post a $5,000 bond. 
Rusk and Chalker Energy Management II, LLC, the operator of the well,
intervened in the suit and filed a motion to dissolve the TRO.  After a hearing on December 15, 2006, the
trial court dissolved the TRO and ordered that drilling could resume “upon the
filing of a bond in the amount of $100,000.00.” 
Later that day, Rusk posted a cash bond in the required amount and also
filed an objection and motion for reconsideration of the trial court’s order.[2]  The trial court heard the motion for reconsideration
on February 15, 2007, took the matter under advisement, and ordered
mediation.  After a failed mediation,
Rusk filed a second motion for reconsideration and again requested that the
court release its cash bond.  After a
hearing, the court denied Rusk’s motion by letter on June 6, 2007.  This original proceeding followed.

 

Prerequisites to Mandamus

            Mandamus is available to correct a
clear abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004). 
A trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992).  A trial
court has no discretion in determining what the law is or in applying the law
to the facts.  Id. at
840.  Thus, a clear failure by the trial
court to analyze or apply the law correctly constitutes an abuse of
discretion.  Id.  A trial court also abuses its discretion when
there is no evidence to support its ruling. 
Weisel Enters., Inc. v. Curry, 718 S.W.2d 56, 58 (Tex.
1986); D.N.S. v. Schottman, 937 S.W.2d 151, 155 (Tex. App.–Fort
Worth 1997, orig. proceeding).

            An appellate remedy is “adequate”
when any benefits to mandamus review are outweighed by the detriments.  In re Prudential, 148 S.W.3d at
136.  When the benefits to mandamus
review outweigh the detriments, appellate courts must consider whether the
appellate remedy is adequate.  Id.  This determination is not an abstract or
formulaic one; it is practical and prudential. 
Id.  Whether an
appellate remedy is “adequate” so as to preclude mandamus review depends
heavily on the circumstances presented and is better guided by general
principles than by simple rules.  Id.
at 137.  The word “adequate” is simply a
proxy for the careful balance of jurisprudential considerations that determine
when appellate courts will use original mandamus proceedings to review the
actions of lower courts.  Id.
at 136.

 

Preliminary Arguments

            Smith contends that we need not
reach the substance of Rusk’s petition because (1) Rusk voluntarily posted the
$100,000 cash bond rendering the controversy moot; (2) Rusk cannot challenge
the order requiring the bond because it has accepted the benefits of it; and
(3) Rusk waited seven months after the date of the order, without explanation
or justification, before filing its petition for writ of mandamus.  We address each of these arguments in turn.

            Mootness.  Usually when a judgment debtor voluntarily
satisfies a judgment rendered against it, the case becomes moot.  See, e.g., Marshall v. Housing Auth. of
City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006).  The purpose of this rule is to prevent a
party who has freely decided to pay a judgment from changing its mind and
seeking the court’s aid in recovering payment. 
Highland Church of Christ v. Powell, 640 S.W.2d 235, 236
(Tex. 1982).  Stated another way, a party
should not be allowed to mislead its opponent into believing the controversy is
over and then contest the payment and seek recovery of it.  Id.   Smith contends that the complaint Rusk makes
here was rendered moot when it voluntarily posted the bond based upon a “calculated
business decision . . . so it could drill its well.”  

            Payment is not voluntary when a
business is faced with the choice of making the payment or losing its right to
do business while contesting the payment. 
See, e.g., id. at 237; State v. Akin Prods. Co.,
155 Tex. 348, 351, 286 S.W.2d  110,
111-12 (1956).  The record includes the affidavit
of Bill Dukes, vice president of land and business development for Rusk and for
Chalker, who was the operator of record for the Gray Unit No. 2 well and
contracted with Pioneer to drill the well. 
In his affidavit, which Smith did not controvert, Dukes provides
information about the cost and status of the drilling operations as well as the
damages Rusk would suffer if drilling ceased. 
According to Dukes, by December 12, 2006, the date Smith filed suit,
Pioneer had been continuously drilling for six days and had charged Rusk
$22,000 a day.  When the TRO was entered,
Pioneer had reached a depth of approximately 8,500 feet.  Including all drilling related costs, Rusk’s
daily expenses on the Gray Unit No. 2 were approximately $25,000.  As of December 14, 2006, Rusk had invested
over $620,000 in the well.  Duke further
states that “[d]rilling on the Gray Unit [No.] 2 simply cannot be stopped at
its current stage.”  He explains that
ceasing to drill at the well’s current stage would create an unsafe condition,
cause the rig to lose fluid, cause permanent damage to the reservoir, and
create a substantial risk that Rusk could lose the hole and its $620,000
investment.  Furthermore, to pull the
pipe out of the well, properly plug the well with a concrete plug, and move the
rig off the well would cause Rusk to incur at least $250,000 in additional
expenses.  

             In sum, Dukes’s affidavit shows that Rusk was
faced with the choice of posting the bond or losing its right to drill, and
possibly its investment, while contesting the validity of the trial court’s
order.  Under these circumstances, Rusk’s
choice to post the bond was not voluntary. 
See, e.g., id. at 237; Akin Prods.,
155 Tex. at 351, 286 S.W.2d at 111-12.  
Moreover, in the six months following its posting of the bond, Rusk
filed two motions for reconsideration of the trial court’s ruling.  Reconsideration was denied on June 6,
2007.  Because Rusk continued to
challenge the trial court’s ruling after the order was signed, Smith could not
have been mislead into believing the controversy was over.  See Powell, 640 S.W.2d at
236.  Consequently, the reasoning behind
the general rule is inapplicable here. 
Based on the foregoing, we hold that the controversy presented in this
proceeding is not moot.

            Acceptance of benefits.  Smith next contends that Rusk has accepted
the benefits of the order dissolving the TRO by (1) using the order to dissolve
the TRO and thereby immediately drill its well on Smith’s property and (2) by
using it to eliminate the scheduled injunction hearing.  Therefore, Smith concludes, Rusk cannot
challenge any portion of the order by mandamus.

            Under the acceptance of benefits
doctrine, a party who accepts the benefit of a judgment is estopped from
seeking appellate relief from that order. 
Tex. State Bank v. Amaro, 87 S.W.3d 538, 544 (Tex.
2002).   Thus, a “litigant cannot treat a
judgment as both right and wrong, and if he has voluntarily accepted the
benefits of a judgment, he cannot afterward prosecute an appeal therefrom.”  Carle v. Carle, 149 Tex. 469,
472, 234 S.W.2d 1002, 1004 (1951); Matlow v. Cox, 25 Tex. 578
(1860).  If economic circumstances compel
a party to accept benefits, there is no voluntary acceptance or acquiescence in
the judgment, and the acceptance of benefits doctrine does not apply.  Aycock v. Pannill, 853 S.W.2d
161, 163 (Tex. App.–Eastland 1993, writ denied).  We have held that under the economic
circumstances described in Dukes’s affidavit, Rusk did not voluntarily post the
bond required by the trial court.  Assuming
that at least one of Rusk’s actions identified by Smith constitutes an
acceptance of benefits, these same economic circumstances render any such
acceptance involuntary.  Therefore, Rusk
is not prohibited from seeking mandamus relief. 

            Delay.  Smith contends that Rusk is not entitled to
mandamus relief because “without any explanation or justification,” Rusk waited
almost seven months after the trial court’s order to file this original
proceeding.  See Rivercenter
Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig.
proceeding).  Rusk has included
documentation in the record showing that the following events occurred after
the trial court signed the December 15, 2006 order: 








•                    
December 15, 2006     Rusk
posted the $100,000 cash bond and filed an objection to the cash bond and
motion for reconsideration.

 

•                    
February 15, 2007       The
trial court heard Rusk’s motion for reconsideration and took the matter under
advisement.

 

•                    
February 21, 2007       The
trial court granted Smith’s motion for court ordered mediation.

 

•                    
May 15, 2007              Following
an unsuccessful mediation, Rusk again requested the trial court to release the
cash bond.

 

•                    
May 29, 2007              The
trial court held a hearing on Rusk’s motion for reconsideration.

 

•                    
June 6, 2007                The
trial court notified the parties by letter that Rusk’s motion for
reconsideration was denied.

 

•                    
July 3, 2007                 Rusk
filed its petition for writ of mandamus.

 

From
this chronology, it is apparent that during the six months following the
signing of the December 15, 2006 order, Rusk twice sought to have the trial
court vacate the bond requirement and return the posted cash.  The trial court did not rule on Rusk’s motion
for reconsideration until June 6, 2007. 
Rusk filed this original proceeding one month later.  No further explanation or justification is
necessary.  We now turn to the merits of
Rusk’s request for mandamus relief.

 

The Bond
Requirement

            Rusk contends that the trial court
abused its discretion by conditioning the dissolution of the TRO on the posting
of a bond to cover Smith’s alleged damages, which Rusk contends were never
requested or supported by any evidence. 
Rusk further contends that the trial court’s action violated its
constitutional right to due process. 
Because Rusk’s first argument is dispositive, we do not address its due
process argument.  Nor do we address
Smith’s argument  that the trial court
could impose the bond requirement because it has broad discretion in fashioning
equitable relief, unlimited by the rules of procedure, and that the trial court’s
action is within that discretion.  

            The controversy.  The surface of Smith’s tract and the
underlying minerals were severed by the execution of an oil and gas lease on
February 25, 1977.  See W. T.
Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 517, 19 S.W.2d 27,
28-29 (1929) (oil, gas, and mineral lease invests lessee with determinable fee
in oil and gas in place).  This lease is
still in force, and Rusk owns a majority of the working interest.  As a working interest owner, Rusk has the
right to use as much of Smith’s tract as is reasonably necessary to produce and
remove the minerals conveyed by the lease. 
See Tarrant County Water Control & Improve. Dist. No. One v.
Haupt, Inc., 854 S.W.2d 909, 911 (Tex. 1993); Getty Oil Co. v.
Jones, 470 S.W.2d 618, 621 (Tex. 1971). 


            In his original petition for
injunction, Smith alleged that he was developing the surface estate “for real
estate” and that Rusk’s use of the surface was excessive and unreasonable in
the placement of its well, rendering Smith’s property “virtually useless.”[3]  Smith also alleged that Rusk had moved its
rig immediately adjacent to a dedicated city street and/or county road without
seeking the proper permits for a variance in constructing their well site at
that location.  He did not plead for
damages. 

             The hearing.  At the hearing on Rusk’s motion to dissolve
the TRO, Rusk argued that it had the right to use as much of the surface of
Smith’s tract as was reasonably necessary for its operations.  Rusk further pointed out that Smith’s motion
did not allege what conduct by Rusk was unreasonable or describe any existing
surface use.  Additionally, Rusk
presented an aerial photograph of the property, which showed that the drillsite
did not interfere with any existing roads. 
Smith argued that the TRO should not be dissolved based upon equity
because the well was located so that it blocked a public dedicated road that
was to be Smith’s access to “whatever we want to do with [the land]  . . . . 
If the well gets down, you’re going to have production and equipment and
other facilities sitting there, which just continues to exacerbate our
problem.  So I don’t know that there’s
any equities at all that auger on their side.” 


            Smith went on to suggest that

 

what might be a solution . . . the Court, being aware
of all the equities in the case, could enter an order dissolving the temporary
restraining order, conditioned upon Rusk posting a half million dollars bond
for damages they caused in connection with drilling the well.  They claim they’re solvent, claim without
having to show that they’re not.  So one
thing that you’ve got the right to do as Judge, if you dissolve this TRO, is
order them to post a bond.  So post a
half million dollar bond.

 

 

Smith
presented no testimony concerning his use of the tract or Rusk’s allegedly
unreasonable use.  In response to Smith’s
argument, Rusk informed the trial court that it had a landman in the courtroom
who could prove up that the “1952 survey” relied upon by Smith, which showed
the property as a platted subdivision with roads and streets, had been “dissolved”
and that all proper drilling permits had been obtained.  The court ruled without taking the landman’s
testimony.

            Analysis.  The substance of Smith’s argument at the
hearing was that Rusk had made an unreasonable use of the surface of his tract,
thereby entitling him to damages, but he could not be assured that Rusk could
pay the ultimate award because it had not shown its solvency.  Thus, Smith urged the trial court to require
Rusk to post a bond to assure his collection of any recovery against Rusk.  Smith’s live pleading at the time of the
hearing requested injunctive relief, not damages.  Even if Smith had sought damages, he
presented no evidence at the hearing supporting his assertion that Rusk’s use
of the surface was unreasonable. 
Consequently, he made no showing that he had incurred damages as a
result of any action by Rusk.  Therefore,
even if a trial court has discretion to require a bond as a condition of
dissolving a TRO in the absence of specific authority authorizing such action,
the trial court abused its discretion by doing so in this case because the
record contains no evidence supporting Smith’s contentions relating to his possible
recovery of damages from Rusk.

 

Adequacy of
Appellate Remedy

            Rusk argues that appeal is an
inadequate remedy under the facts of this case. 
Smith disagrees and cites three cases in support of his position.  One such case, In re Young, No.
14-03-01271-CV, 2003 WL 22724731 (Tex. App.–Houston [14th Dist.] Nov. 20, 2003,
orig. proceeding) (mem. op), addresses whether mandamus is available in a
criminal case to challenge the amount of the appeal bond set by the trial
court.  The court held that it was not,
because, under article 44.04 of the Texas Code of Criminal Procedure, an order
relating to an appeal bond is an appealable order.  See id., at *1 (citing In
re Young, No. 01-03-00354-CV, 2003 WL 21101087 (Tex. App.–Houston [14th
Dist.] May 15, 2003, orig. proceeding) (mem. op.)).  No such statute applies here, and Smith
admits that any appeal of the challenged order must occur after a trial on the
merits.  

            Smith also cites Braden v.
Downey, 811 S.W.2d 922 (Tex. 1991), in which the Texas Supreme Court
held that an order imposing sanctions is not reviewable by mandamus unless the
order threatens the continuation of the litigation and the sanctions must be
paid prior to appeal.  Id.
at 929.  In In re Certain
Underwriters at Lloyd’s, 106 S.W.3d 332 (Tex. App.–Dallas 2003, orig.
proceeding), also cited by Smith, the court denied mandamus to review a bond
order because the relators did not show that the required deposit would
preclude them from developing the merits of their case or placed them in danger
of permanently losing substantial rights. 
Id. at 333.  In
reliance on these cases, Smith argues that appeal is an adequate remedy because
Rusk has not shown that the trial court’s order precludes Rusk’s development of
the merits of its case or places it in danger of permanently losing substantial
rights.  However, these cases were
decided prior to In re Prudential, in which the Texas Supreme
Court elaborated on the rules governing the issuance of mandamus.

            In In re Prudential,
the court stated that mandamus review of 

significant rulings in exceptional cases may be
essential to preserve important substantive and procedural rights from
impairment or loss, allow the appellate courts to give needed and helpful
direction to the courts that would otherwise prove elusive in appeals from
final judgments, and spare private parties and the public the time and money
utterly wasted enduring eventual reversal of improperly conducted proceedings.

 

 

In
re Prudential, 148 S.W.3d at 136. 
The court further stated that “rigid rules are necessarily inconsistent
with the flexibility that is the remedy’s principal virtue.”  Id.  A strict application of Braden and
In re Certain Underwriters at Lloyd’s, as urged by Smith, is more
akin to the “rigid rules” approach, which is inconsistent with In re
Prudential.  We therefore decline
to adopt such an approach.

            Rusk maintains that the principles
set forth in In re Prudential mandate a conclusion that appeal is
an inadequate remedy under the facts before us. 
We agree.  It is axiomatic that a
trial court’s orders and judgments must be supported by sufficient
evidence.  Because Smith introduced no
evidence at the hearing, there is a complete lack of evidence supporting the
trial court’s implied finding that the bond was necessary.[4]  See id. at 137 (court had
previously considered complete lack of authority for order as a factor in
determining adequacy of appellate remedy). 
Second,  the trial court’s order
eludes answer by appeal.  See id.
at 138.  If Rusk were to obtain a
favorable jury verdict, it would not appeal and its deposit would be
released.  On the other hand, if the
judgment were unfavorable, Rusk could not obtain reversal for the trial court’s
error “unless the court of appeals conclude[d] that the error complained of . .
. probably caused the rendition of an improper judgment.”  See Tex.
R. App. P. 44.1(a)(1).  Even if
Rusk could somehow obtain reversal based on the trial court’s error, it would
not be awarded damages for its loss of use of the $100,000 it deposited.  Thus, at a minimum, Rusk will have been
deprived of the use of its funds for an indefinite time without any evidence to
show that the bond was necessary and without any likelihood of recovering
damages for its loss of use. 
Consequently, we hold that Rusk has no adequate remedy by appeal.

 

Conclusion

            Rusk has shown that the trial court
abused its discretion by requiring Rusk to post a $100,000 bond as a condition
of dissolving the TRO and has also shown that it has no adequate remedy by
appeal.  Accordingly, we conditionally
grant mandamus.  We trust that the trial
court will promptly vacate the portion of its order of December 15, 2006
requiring a $100,000 bond from Rusk and enter an order directing the district
clerk to release the deposited funds to Rusk. 
The writ will issue only if the trial court fails to comply with this
court's opinion and order within ten days. The trial court shall furnish this
court, within the time for compliance with this court's opinion and order, a
certified copy of its order evidencing such compliance.

            Mandamus conditionally
granted.     

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered
January 31, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
The respondent is the Honorable J. Clay Gossett,
Judge of the 4th Judicial District Court of Rusk County, Texas.





[2]
The trial court did not order a cash bond.  However, the record reflects that Rusk posted
the cash bond, rather than a surety bond, to expedite the resumption of
drilling operations.





[3] As previously stated, Smith sued Pioneer, the
drilling contractor, and the TRO restrained Pioneer.  Rusk and Chalker (collectively “Rusk”)
immediately intervened, and Pioneer did not participate in subsequent
proceedings.  Therefore, we refer to
Rusk, and not Pioneer, in our discussion.





[4]
Again, we point out that we do not decide
whether the trial court has the discretion to condition the dissolution of a
TRO on the posting of a bond.